IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEUTSCHER TENNIS BUND (GERMAN TENNIS FEDERATION) and ROTHENBAUM SPORTS GMBH TENNIS, | : : : : | Civil Action No. 07-178 (GMS) |
| Plaintiffs, | : : | |
| - against - | : : | |
| ATP TOUR, INC., JOHN DOE 1, JOHN DOE 2 JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, and JOHN DOE 9, Defendants. | : : : : : : | |
| MONTE-CARLO COUNTRY CLUB and SOCIÉTÉ MONÉGASQUE POUR L'EXPLOITATION DU TOURNOI DE TENNIS, | : : : : : | Civil Action No. 07-198 (GMS) |
| Plaintiffs, | : : | |
| - against - | : : | |
| ATP TOUR, INC., ETIENNE DE VILLIERS, and CHARLES PASARELL, Defendants. | : : : : | |

**[PROPOSED] COORDINATED SCHEDULING ORDER**

WHEREAS, the parties in *Deutscher Tennis Bund et al. v. ATP Tour, Inc., et al.*, 07cv178 (GMS) (the "Hamburg Litigation"), are plaintiffs Deutscher Tennis Bund and Rothenbaum Sports GMBH (collectively, the "GTF") and defendant ATP Tour, Inc.;

WHEREAS, the parties in *Monte-Carlo Country Club et al. v. ATP Tour, Inc. et al.*, 07cv198 (GMS) (the "Monte-Carlo Litigation"), are plaintiffs Monte-Carlo Country Club

and Société Monégasque pour L'Exploitation du Tournoi de Tennis (collectively, "Monte-Carlo") and defendants ATP Tour, Inc., Etienne de Villiers, and Charles Pasarell ( collectively "ATP");

WHEREAS, GTF, Monte Carlo, and ATP (collectively, the "Parties"), believe that the Hamburg Litigation and the Monte-Carlo Litigation arise from common factual circumstances and are related;

WHEREAS, the Parties believe that the interests of judicial economy and the efficient uses of the Parties' and the Court's resources would be best served by coordination of discovery in the Hamburg Litigation and the Monte-Carlo Litigation;

WHEREAS, the Parties believe that the interests of justice and the Parties would best be served by a schedule under which these actions may be tried within the first third of 2008;

WHEREAS, the Parties believe that, in order to try these actions within the first third of 2008, it is essential that an expedited pre-trial schedule be established with firm dates that the Parties must meet, absent a showing of good cause;

WHEREAS, the Parties believe in principle that the Hamburg Litigation and the Monte-Carlo Litigation should be consoldated for a joint trial on any issues common to both cases, and are engaged in discussions about what issues may be appropriate for consolidation;

NOW THEREFORE, on this _____ day of _____, 2007, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on _____, 2007, and the Parties, having determined after discussion that this matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS SO ORDERED that:

1. **Coordination of Actions**: The Hamburg Litigation and the Monte-Carlo Litigation shall be coordinated for discovery and pre-trial purposes.

2. **Rule 26(a) Initial Disclosures**: The Parties shall make their initial disclosures pursuant to Federal Rules of Civil Procedure 26(a) on or before **May 4, 2007**, provided, however, that the requirements of Rule 26(a)(1)((B) are waived.

3. **Litigation Hold**: To the extent they have not done so already, the Parties shall promptly suspend their routine document retention/destruction policies and put in place a "litigation hold" to ensure the preservation of relevant documents within their possession, custody, or control, including, without limitation, any relevant e-mail accounts (both work-related and personal), computer hard drives, accessible computer back-up tapes, and electronic storage devices, whether readily accessible or otherwise, upon which documents within the possession, custody, or control of the Parties, or the Parties' "key players," are stored or likely to be found. For purposes of this Scheduling Order:

    (a) The GTF's "key player(s)" are (i) tournament director Walter Knapper; (ii) Dr. Georg von Waldenfels; (iii) the officers and the members of the board of directors or supervisory board, if any, of each of the GTF Plaintiffs; (iv) the immediate predecessors of anyone in categories (i) thru (iii); and (v) any individual(s) that anyone in categories (i) thru (iv) have supervised or currently supervise directly, including their assistant(s), if any;

    (b) Monte-Carlo's "key player(s)" are (i) tournament director Zeljko Franulovic; (ii) Elizabeth Ann de Massy; (iii) the officers and the members of the board of directors or supervisory board, if any, of each of the Monte Carlo Plaintiffs; (iv) the immediate

predecessors of anyone in categories (i) thru (iii); and (v) any individual(s) that anyone in categories (i) thru (iv) have supervised or currently supervise directly, including their assistant(s), if any; and

(c) The ATP's "key players(s)" are (i) Etienne de Villiers; (ii) Charlie Pasarell; (iii) Graham Pearce; (iv) Jacco Eltingh; (v) Perry Rogers; (vi) Iggy Jovanovic; (vii) Flip Galloway; (viii) Phil Anderton; (ix) Horst Klosterkemper; (x) Brad Drewett; (xi) Mark Young; and (xii) Richard Davies; (xiii) the immediate predecessors of anyone in categories (i) thru (xii); and (xiv) any individual(s) that anyone in categories (i) thru (xiii) have supervised or currently supervise directly, including their assistant(s), if any. For the avoidance of doubt, the "litigation hold" shall apply to any "ATP Properties" documents within ATP.

(d) Notwithstanding the above, any individuals who are not currently officers, directors, supervisory board members, or employees of the GTF Plaintiffs, the Monte Carlo Plaintiffs, or ATP shall be excluded from the respective definition of "key players" above, although each Party's duty to issue a Litigation Hold and preserve relevant documents under this paragraph shall apply to any relevant documents created or obtained by their former officers, directors, supervisory board members, or employees to the extent that such documents were in the Party's possession, custody, or control when the duty to preserve relevant documents for purposes of these Litigations came into effect, or thereafter.

(e) The foregoing designation of "key players" is made solely for purposes of this Scheduling Order and shall not be used for any other purposes, including for any evidentiary purpose.

4. ATP shall respond to the Complaint in each of the Hamburg Litigation and the Monte Carlo Litigation on or before **May 4, 2007**.

5. **Joinder of Other Parties and Amendment of Pleadings**: All motions to join other parties shall be filed on or before **July 9, 2007** and all motions to amend the pleadings shall be filed on or before **July 9, 2007**. If the pleadings are amended or additional parties are joined, the Parties shall meet and confer to try to reach agreement on reasonable modifications, if necessary, to this Scheduling Order, Hamburg having stated that it may seek to join certain ATP Directors as defendants. ATP does not agree that any ATP Directors should be joined and reserves its right to oppose any request for joinder, but it has no present belief that, if such ATP Directors are properly joined, that their joinder would require any material change to this Scheduling Order.

6. **Discovery**:

(a) **Fact Discovery:** All fact discovery in this case shall be initiated so that it will be completed on or before **October 15, 2007**. Said discovery shall proceed notwithstanding the filing or pendency of any Rule 12 or Rule 56 Motion by any Party. The Parties may serve their initial document requests, interrogatories, and deposition notices by **May 2, 2007**; service of all discovery requests shall be by e-mail (in Microsoft Word format for ease of preparing responses and objections).

(i) To ensure the orderly and expeditious conduct of fact discovery under this Scheduling Order, the parties shall produce all documents, electronic or otherwise, responsive to any document request served by **May 2, 2007**, except to the extent that request is objected to, beginning **May 25, 2007** and continuing on a rolling basis through **June 25, 2007**. The Parties shall produce all documents, electronic or otherwise, responsive to any subsequent document request, except to the extent that request is objected to, within the 30 days of service of the request. The Parties agree that all electronic documents shall be produced in a format

sufficient to allow the receiving party to conduct full text searches (including searches of the body of such documents and attachments, as well as searches for the author, recipient, copy recipient, date, or the subject of all email or instant message communications) without further conversion or coding by the receiving party, and that the producing party shall preserve the native format of such electronic documents so that the native file may be produced upon a showing of good cause by the requesting party. Accordingly, the Parties agree to produce electronic documents subject to the following protocol:

(1) Where the original document is not in color, the producing party shall produce single-image TIFF files for each page of electronic documents (in 300 DPI, Group IV TIFF Images);

(2) Where the original document is in color, the producing party shall produce a JPEG file;

(3) The producing party shall produce a corresponding LFP File that permits the receiving party to determine which TIFF Images constitute a single electronic document;

(4) The producing party shall also produce an accompanying document level OCR Text File ("txt file") that shall be named and shall correspond to the Bates Numbers or TIFF Image Key Numbers of the associated electronic document; and

(5) All txt files shall capture and include all text-based data (or OCR-readable text on any image file) reflected on the corresponding TIFF Image file.

Should any technical problems arise in the production or receipt of electronic documents, upon notice from the receiving party, the producing party shall promptly communicate with its Information Technology or Litigation Support Staff or, if applicable, its respective vendor, to assist the receiving party in attempting to resolve any such problem. To the extent that a Party produces responsive documents in any language other than English, the producing party shall also produce any existing English translation that the producing party (or its counsel) has of such document at the time of production (including any translation created for purposes of the

litigation); such production of translations shall not be deemed a waiver of any work-product protection or attorney-client privilege.

(ii) Each side (GTF and Monte Carlo together constituting one side and ATP constituting the other side) shall be allowed to serve fifty (50) interrogatories, including discrete subparts. This limit may be altered upon a showing of good cause.

(iii) Each side also shall have a total of one hundred and seventy-five (175) hours to depose fact witnesses, including Rule 30(b)(6) witnesses. This figure is premised on the assumption that each side will seek to take between fifteen and twenty fact-witness depositions and that, for the depositions of up to four (4) "key players," on each side, the time limits in Rule 30(d)(2) may be extended to two days or fourteen hours. To the extent that any Party believes it has a need to extend the deposition time limit for any other witness, the Parties shall meet and confer and attempt to reach an agreement regarding such request. The Parties shall reasonably accommodate witness and lawyer schedules and shall endeavor to hold the majority of "key player" and expert depositions in Wilmington or New York. The calculation of "hours" shall include only actual testimony and shall exclude breaks, lengthy attorney colloquy, and translations.

(b) **Expert Discovery:** Expert discovery in this case shall be initiated so that it will be completed on or before **December 7, 2007**. Opening expert reports shall be served no later than **October 15, 2007**. Answering expert reports shall be served no later than **November 2, 2007**. Rebuttal expert reports, if any, shall be served no later than **November 14, 2007**. Expert witnesses may be noticed to be deposed for up to one (1) seven-hour day, subject to an extension of up to one (1) additional seven-hour day upon agreement of the Parties or for good cause shown.

(c)    **Discovery Disputes:**  Should counsel find they are unable to resolve a discovery or scheduling matter, a representative from each party in the matter shall be on the line when contacting Chambers at (302) 573-6470 to schedule a teleconference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the Court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages in length, exclusive of exhibits, outlining the issue(s) in contention. A sample letter can be located on this Court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the Court should permit any subsequent discovery teleconference.

7.    **Confidential Information and Papers Filed Under Seal**:  Should counsel find that it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If, after making a diligent effort, the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 6(c).**

8.    **Settlement Conference**:  Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the possibility of exploring a settlement. The parties agree that the possibility of settlement may be enhanced by such referral. The parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients in late June or July 2007, subject to the availability of the Court and counsel.

9. **Consolidation for Trial Purposes**: The Parties shall meet and confer by February 4, 2008 to determine what issues, if any, are common to both the Monte-Carlo Litigation and Hamburg Litigation and should be consolidated for a joint trial. If, after the meet and confer, any Party believes that there are additional common issues that should be consolidated for trial purposes as to which the parties could not reach an agreement, the Party may serve a motion to consolidate those additional common issues for a joint trial on or before **February 15, 2008**. Answering briefs opposing such motions shall be served and filed on or before **February 29, 2008**. Reply briefs, if any, in further support of such motions shall be served and filed on or before **March 7, 2008**. If the cases are not consolidated for a joint trial, Defendants may seek to modify the remainder of this Scheduling Order with the understanding that Defendants shall not be burdened with simultaneous, overlapping, or back-to-back trials in the Hamburg and Monte-Carlo Litigations.

10. **Case Dispositive Motions**: In view of the Parties' agreement that interests of justice and the Parties would best be served by a schedule permitting the trial of these actions within the first third of 2008, and the Court's entry of this expedited pre-trial Scheduling Order to ensure that the actions are tried within the first third of 2008, neither GTF nor Monte Carlo has any present intent to file any motion for preliminary injunction or other interim relief. Should the circumstances change and a motion for such relief is filed, the Parties shall confer in good faith to propose modifications to this Scheduling Order. All case dispositive motions and opening briefs and affidavits, if any, in support of such motions, shall be served and filed on or before **December 14, 2007**. Answering briefs and affidavits opposing such motions shall be served and filed on or before **January 21, 2008**. Reply briefs and affidavits, if any, in further support of such motions shall be served and filed on or before **February 4, 2008**. Any request

for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or such request will be denied.

11.  **Applications by Motion**: Except as provided in this Scheduling Order or for matters related to scheduling, any application to the Court shall be by written motion, filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12.  **Oral Argument**: If it believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

13.  **Pretrial Conference**: On **March 14, 2008,** beginning at _____ a.m., the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. On **January 28, 2008**, plaintiffs' counsel shall forward to defendants' counsel a draft of the Pretrial Order containing the information plaintiffs propose to include in the Pretrial Order. By **February 15, 2008**, defendants' counsel shall, in turn, provide to plaintiffs' counsel any comments on plaintiffs' draft(s), as well as the information that defendants propose to include in the proposed Pretrial Order. The Parties shall file with the Court the **joint** proposed Final Pretrial Order with the information required by the form of the Final Pretrial Order which can be located on this Court's website at www.ded.uscourts.gov on or before **March 7, 2008**.

14.  **Motions *in limine***: No party shall file more than five (5) motions *in limine*. Opening briefs on all motions *in limine* shall be served by **February 8, 2008**.

Answering briefs in opposition to any motions *in limine* shall be served on or before **February 29, 2008**. Reply briefs in further support of any motions *in limine* shall be served on or before **March 7, 2008**. All briefs (opening, answering, and reply) on all motions *in limine* shall be filed on **March 7, 2008**. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages.

        15.    **Trial-Ready Date**: Both cases shall be trial-ready by **March 25, 2008**.

        16.    **Scheduling**: The parties shall contact Chambers, at (302) 573-6470, only in situations where scheduling relief is sought and only then when ALL participating counsel are on the line for purposes of selecting a new date.

Dated: _____

                                                      _____
                                                      The Honorable Gregory M. Sleet
                                                      United States District Judge

793148