IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEUTSCHER TENNIS BUND (GERMAN TENNIS FEDERATION) and ROTHENBAUM SPORTS GMBH, | : : : | Civil Action No. 07-178 (GMS) |
| Plaintiffs, | : : | |
| - against - | : : | |
| ATP TOUR, INC., JOHN DOE 1, JOHN DOE 2 JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, and JOHN DOE 9, | : : : : | |
| Defendants. | : | |
| MONTE-CARLO COUNTRY CLUB and SOCIÉTÉ MONÉGASQUE POUR L'EXPLOITATION DU TOURNOI DE TENNIS, | : : : : : | Civil Action No. 07-198 (GMS) |
| Plaintiffs, | : : | |
| - against - | : : | |
| ATP TOUR, INC., ETIENNE DE VILLIERS, and CHARLES PASARELL, | : : : | |
| Defendants. | : | |

## COORDINATED SCHEDULING ORDER

This _____ day of _____, 2007, the Court having conducted a Rule 16

Scheduling Conference pursuant to Local Rule 16.2(b) on June 25, 2007, and the parties

Plaintiffs Deutscher Tennis Bund and Rothenbaum Sports GMBH (collectively, the "GTF") and

defendant ATP Tour, Inc. in *Deutscher Tennis Bund et al. v. ATP Tour, Inc., et al.*, 07cv178

(GMS) (the "Hamburg Litigation"); and the parties Plaintiffs Monte-Carlo Country Club and

Société Monégasque pour L'Exploitation du Tournoi de Tennis (collectively, "Monte-Carlo")

and defendants ATP Tour, Inc., Etienne de Villiers, and Charles Pasarell (collectively "ATP") in

*Monte-Carlo Country Club et al. v. ATP Tour, Inc. et al.*, 07cv198 (GMS) (the "Monte-Carlo

Litigation"), having determined after discussion that this matter cannot be resolved at this

juncture by settlement, voluntary mediation, or binding arbitration:

IT IS SO ORDERED that:

1.    **Consolidation of Actions**:  The Hamburg Litigation and the Monte-Carlo

Litigation shall be consolidated for all pretrial purposes and trial.  Should any Party believe that,

after conducting discovery, consolidation for trial is inappropriate, that Party must advise all

other Parties of that position no later than **February 18, 2008**.  Upon such advice, the parties

shall meet and confer by no later than **February 25, 2008**.  Following such meet and confer,

should any Party believe that consolidation for trial is inappropriate, said Party shall notify the

Court no later than **February 29, 2008**; the remaining parties may file a response by **March 14,

2008**.  There shall be no reply.  All papers submitted in this consolidated litigation shall bear the

dual caption set forth above but shall be filed and docketed solely in C.A. No. No. 07-178

(GMS).

2.    **Rule 26(a) Initial Disclosures**:  The Parties shall make their initial

disclosures pursuant to Federal Rules of Civil Procedure 26(a) on or before **May 4, 2007**,

provided, however, that the requirements of Rule 26(a)(1)((B) are waived.

3.    **Litigation Hold**:  To the extent they have not done so already, the Parties

shall promptly suspend their routine document retention/destruction policies and put in place a

"litigation hold" to ensure the preservation of relevant documents within their possession,

custody, or control, including, without limitation, any relevant e-mail accounts (both work-

2

related and personal), computer hard drives, accessible computer back-up tapes, and electronic storage devices, whether readily accessible or otherwise, upon which documents within the possession, custody, or control of the Parties, or the Parties' "key players," are stored or likely to be found. For purposes of this Scheduling Order:

(a)    The GTF's "key player(s)" are (i) tournament director Walter Knapper; (ii) Dr. Georg von Waldenfels; (iii) the officers and the members of the board of directors or supervisory board, if any, of each of the GTF Plaintiffs; (iv) the immediate predecessors of anyone in categories (i) thru (iii); and (v) any individual(s) that anyone in categories (i) thru (iv) have supervised or currently supervise directly, including their assistant(s), if any;

(b)    Monte-Carlo's "key player(s)" are (i) tournament director Zeljko Franulovic;  (ii) Elizabeth Ann de Massy; (iii) the officers and the members of the board of directors or supervisory board, if any, of each of the Monte Carlo Plaintiffs; (iv) the immediate predecessors of anyone in categories (i) thru (iii); and (v) any individual(s) that anyone in categories (i) thru (iv) have supervised or currently supervise directly, including their assistant(s), if any; and

(c)    The ATP's "key players(s)" are (i) Etienne de Villiers; (ii) Charlie Pasarell; (iii) Graham Pearce; (iv) Jacco Eltingh; (v) Perry Rogers; (vi) Iggy Jovanovic; (vii) Flip Galloway; (viii) Phil Anderton; (ix) Horst Klosterkemper; (x) Brad Drewett; (xi) Mark Young; and (xii) Richard Davies; (xiii) the immediate predecessors of anyone in categories (i) thru (xii); and (xiv) any individual(s) that anyone in categories (i) thru (xiii) have supervised or currently supervise directly, including their assistant(s), if any. For the avoidance of doubt, the "litigation hold" shall apply to any "ATP Properties" documents within ATP.

3

(d)     Notwithstanding the above, any individuals who are not currently officers, directors, supervisory board members, or employees of the GTF Plaintiffs, the Monte Carlo Plaintiffs, or ATP shall be excluded from the respective definition of "key players" above, although each Party's duty to  issue a Litigation Hold and preserve relevant documents under this paragraph shall apply to any relevant documents created or obtained by their former officers, directors, supervisory board members, or employees to the extent that such documents were in the Party's possession, custody, or control when the duty to preserve relevant documents for purposes of these Litigations came into effect, or thereafter.

(e)     The foregoing designation of "key players" is made solely for purposes of this Scheduling Order and shall not be used for any other purposes, including for any evidentiary purpose.

4.     ATP shall respond to the Complaint in each of the Hamburg Litigation and the Monte Carlo Litigation on or before **May 4, 2007**.

5.     **Joinder of Other Parties and Amendment of Pleadings**:  All motions to join other parties shall be filed on or before **July 27, 2007** and all motions to amend the pleadings shall be filed on or before **July 27, 2007**.

6.     **Discovery**:

(a)     **Fact Discovery:**  All fact discovery in this case shall be initiated so that it will be completed on or before **November 2, 2007**.  Said discovery shall proceed notwithstanding the filing or pendency of any Rule 12 or Rule 56 Motion by any Party.  The Parties may serve their initial document requests, interrogatories, and deposition notices by **May 2, 2007**; service of all discovery requests shall be by e-mail (in Microsoft Word format for ease of preparing responses and objections).

4

(i)  To ensure the orderly and expeditious conduct of fact discovery under this Scheduling Order, the parties shall produce all documents, electronic or otherwise, responsive to any document request served by **May 2, 2007**, except to the extent that request is objected to, beginning **May 25, 2007** and continuing on a rolling basis through **August 1, 2007;** the parties agree to make reasonable efforts to complete such production by **August 1, 2007** and to meet and confer on **July 20, 2007** to discuss the status and expected completion of such production.  The Parties shall produce all documents, electronic or otherwise, responsive to any subsequent document request, except to the extent that request is objected to, within the 30 days of service of the request.  The Parties agree that all electronic documents shall be produced in a format sufficient to allow the receiving party to conduct full text searches (including searches of the body of such documents and attachments, as well as searches for the author, recipient, copy recipient, date, or the subject of all email or instant message communications) without further conversion or coding by the receiving party, and that the producing party shall preserve the native format of such electronic documents so that the native file may be produced upon a showing of good cause by the requesting party.  Accordingly, the Parties agree to produce electronic documents subject to the following protocol:

(1)    Where the original document is not in color, the producing party shall produce single-image TIFF files for each page of electronic documents (in 300 DPI, Group IV TIFF Images);

(2)    Where the original document is in color, the producing party shall produce a JPEG file;

(3)    The producing party shall produce a corresponding LFP File that permits the receiving party to determine which TIFF Images constitute a single electronic document;

(4)    The producing party shall also produce an accompanying document level OCR Text File ("txt file") that shall be named and shall

5

correspond to the Bates Numbers or TIFF Image Key Numbers of the associated electronic document; and

(5)    All txt files shall capture and include all text-based data (or OCR-readable text on any image file) reflected on the corresponding TIFF Image file.

Should any technical problems arise in the production or receipt of electronic documents, upon notice from the receiving party, the producing party shall promptly communicate with its Information Technology or Litigation Support Staff or, if applicable, its respective vendor, to assist the receiving party in attempting to resolve any such problem. To the extent that a Party produces responsive documents in any language other than English, the producing party shall also produce any existing English translation that the producing party (or its counsel) has of such document at the time of production (including any translation created for purposes of the litigation); such production of translations shall not be deemed a waiver of any work-product protection or attorney-client privilege.

(ii) Each side (GTF and Monte Carlo together constituting one side and ATP constituting the other side) shall be allowed to serve fifty (50) interrogatories, including discrete subparts. This limit may be altered upon a showing of good cause.

(iii) Unless otherwise agreed or ordered by the Court, each side also shall have a total of one hundred and seventy-five (175) hours to depose fact witnesses, including Rule 30(b)(6) witnesses. This figure is premised on the assumption that each side will seek to take between fifteen and twenty fact-witness depositions and that, for the depositions of up to four (4) "key players," on each side, the time limits in Rule 30(d)(2) may be extended to two days or fourteen hours. To the extent that any Party believes it has a need to extend the deposition time limit for any other witness, the Parties shall meet and confer and attempt to reach an agreement regarding such request. The Parties shall reasonably accommodate witness and lawyer schedules

6

and shall endeavor to hold the majority of "key player" and expert depositions in Wilmington or New York. The calculation of "hours" shall include only actual testimony and shall exclude breaks, lengthy attorney colloquy, and translations.

(b)    **Expert Discovery:** Expert discovery in this case shall be initiated so that it will be completed on or before **December 19, 2007**. Opening expert reports shall be served no later than **November 2, 2007**. Answering expert reports shall be served no later than **November 27, 2007**. Rebuttal expert reports, if any, shall be served no later than **December 7, 2007**. Expert witnesses may be noticed to be deposed for up to one (1) seven-hour day, subject to an extension of up to one (1) additional seven-hour day upon agreement of the Parties or for good cause shown.

(c)    **Discovery Disputes:** Should counsel find they are unable to resolve a discovery or scheduling matter, a representative from each party in the matter shall be on the line when contacting Chambers at (302) 573-6470 to schedule a teleconference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the Court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages in length, exclusive of exhibits, outlining the issue(s) in contention. A sample letter can be located on this Court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the Court should permit any subsequent discovery teleconference.

7.    **Confidential Information and Papers Filed Under Seal**: Should counsel find that it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days

from the date of this Order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If, after making a diligent effort, the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 6(c).**

8.    **Settlement Conference**: Pursuant to 28 U.S.C. § 636, this matter is referred to United States Magistrate Judge Mary Pat Thynge for the possibility of exploring a settlement. The parties agree that the possibility of settlement may be enhanced by such referral. The parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients, subject to the availability of the Court and counsel.

9.    **Summary Judgment Motions**: Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than **December 21, 2007**. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than **January 21, 2008**. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before **February 4, 2008**. The Court shall hold a Status Conference to hear argument and to determine whether the filing of any motion will be permitted on **February 11, 2008** at 10:00 a.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 9.**

10.   **Dispositive Motions**. All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before the later of **February 25, 2008**, or two weeks after the Court renders its decision regarding whether to

8

permit summary judgment motion practice. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

11.    **Applications by Motion**:  Except as provided in this Scheduling Order or for matters related to scheduling, any application to the Court shall be by written motion, filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12.    **Oral Argument**:  If it believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

13.    **Pretrial Conference**:  On **June 30, 2008**, beginning at 9:30 a.m., the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. On **April 23, 2008**, plaintiffs' counsel shall forward to defendants' counsel a draft of the Pretrial Order containing the information plaintiffs propose to include in the Pretrial Order. By **May 12, 2008**, defendants' counsel shall, in turn, provide to plaintiffs' counsel any comments on plaintiffs' draft(s), as well as the information that defendants propose to include in the proposed Pretrial Order. The Parties shall file with the Court the **joint** proposed Final Pretrial Order with the information required by

9

the form of the Final Pretrial Order which can be located on this Court's website at www.ded.uscourts.gov on or before **June 2, 2008.**

14.     **Motions *in limine***:  No party shall file more than five (5) motions *in limine*.  Opening briefs on all motions *in limine* shall be served by **May 5, 2008.**  Answering briefs in opposition to any motions *in limine* shall be served on or before **May 26, 2008.**  Reply briefs in further support of any motions *in limine* shall be served on or before **June 2, 2008.**  All briefs (opening, answering, and reply) on all motions *in limine* shall be filed on **June 2, 2008.**  Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages.

15.     **Trial.**  This mater is scheduled for a ten (10) day jury trial beginning on **July 21, 2008.**  (If agreed to and ordered by the Court, the trial date may be subject to a potential extension to fifteen (15) days upon application by one or more parties.)

16.     **Scheduling**:  The parties shall contact Chambers, at (302) 573-6470, only in situations where scheduling relief is sought and only then when ALL participating counsel are on the line for purposes of selecting a new date.

_____
The Honorable Gregory M. Sleet
United States District Judge

805058

10