IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEUTSCHER TENNIS BUND (GERMAN TENNIS FEDERATION) and ROTHENBAUM SPORTS GMBH,<br><br>Plaintiffs,<br><br>v.<br><br>ATP TOUR, INC., JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8 and JOHN DOE 9,<br><br>Defendants. | C.A. No. 07-178-GMS |
| MONTE-CARLO COUNTRY CLUB and SOCIÉTÉ MONÉGASQUE POUR L'EXPLOITATION DU TOURNOI DE TENNIS,<br><br>Plaintiffs,<br><br>v.<br><br>ATP TOUR, INC., ETIENNE DE VILLIERS, and CHARLES PASARELL,<br><br>Defendants. | C. A. No. 07-198 (GMS) |

**NOTICE OF SERVICE**

PLEASE TAKE NOTICE that on July 5, 2007, copies of Plaintiffs' Notice To Take A Rule 30(b)(6) Deposition Of ATP Tour, Inc. ("ATP") on July 17, 2007 (attached hereto) were served by Hamish S. Cohen, Esquire of Barnes & Thornburg LLP upon the following counsel of record in the manner indicated:

**BY E-MAIL AND U.S. MAIL**

Lawrence C. Ashby, Esquire
Philip Trainer, Jr., Esquire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Bradley I. Ruskin, Esquire
Jennifer R. Scullion, Esquire
PROSKAUER ROSE
1585 Broadway
New York, NY 10036

Additionally, I hereby certify that on July 5, 2007, I caused this Notice of Service to be electronically filed with the Clerk of the Court using CM/ECF and served upon the following counsel in the manner indicated:

**BY CM/ECF, E-MAIL AND HAND DELIVERY**

Lawrence C. Ashby, Esquire
Philip Trainer, Jr., Esquire
Carolyn Hake, Esquire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Philip Rovner, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, DE 19810

**BY E-MAIL**

Bradley I. Ruskin, Esquire
Jennifer R. Scullion, Esquire
PROSKAUER ROSE
1585 Broadway
New York, NY 10036

Alan M. Unger, Esquire
John J. Lavelle, Esquire
Sidley Austin
787 Seventh Avenue
New York, NY 10019

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Chad S.C. Stover
C. Barr Flinn (No. 4092)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6692
bflinn@ycst.com
cstover@ycst.com

*Attorneys for Deutscher Tennis Bund (the German Tennis Federation) and the Rothenbaum Sports GMBH*

OF COUNSEL:

Robert D. MacGill
Hamish S. Cohen
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
(317) 236-1313

Daniel Gravelyn
300 Ottawa Avenue N.W.
Suite 500
Grand Rapids, Michigan 49503
(616) 742-3930

Dated: July 5, 2007

DB02:6100749.1

066145.1001

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEUTSCHER TENNIS BUND (GERMAN TENNIS FEDERATION) and ROTHENBAUM SPORTS GMBH,<br><br>Plaintiffs,<br><br>- against -<br><br>ATP TOUR, INC.,<br><br>Defendant. | Civil Action No. 07-178 (GMS) |
| MONTE-CARLO COUNTRY CLUB and SOCIÉTÉ MONÉGASQUE POUR L'EXPLOITATION DU TOURNOI DE TENNIS,<br><br>Plaintiffs,<br><br>- against -<br><br>ATP TOUR, INC., ETIENNE DE VILLIERS, and CHARLES PASARELL,<br><br>Defendants. | Civil Action No. 07-198 (GMS) |

**PLAINTIFFS' NOTICE
TO TAKE A RULE 30(b)(6) DEPOSITION OF ATP TOUR, INC.**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Deutscher Tennis Bund (German Tennis Federation), Rothenbaum Sports GMBH, Monte-Carlo Country Club and Société Monégasque Pour L'exploitation Du Tournoi de Tennis (collectively, the "Plaintiffs") will take the deposition by oral examination of the ATP Tour, Inc. ("ATP") on July 17, 2007, at the offices of Sidley Austin, 787 Seventh Avenue, New

York, NY, or as otherwise agreed. The deposition will commence at 9 a.m. or at such other time agreed upon by counsel and will continue day-to-day until completed.

ATP is directed, pursuant to Rule 30(b)(6), to designate one or more officers, directors, managing agents, or other persons who are knowledgeable or consent to testify on its behalf with respect to each of the subjects set for in Schedule A, which is attached to this Notice. ATP is required to designate persons for examination on matters known or reasonably available to it pertaining to the subjects set forth in the attached Schedule A.

Plaintiffs requests that ATP provide Plaintiffs' counsel on or before July 10, 2007, with a written designation of the designees who will testify on ATP's behalf as to each subject identified in Schedule A.

The deposition will be taken before an officer authorized to administer oaths and will be recorded by stenographical means and by videotape. You are hereby noticed and invited to attend and participate.

Dated: July 5, 2007

By: _____
Robert D. MacGill
Hamish S. Cohen
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204

C. Barr Flinn
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
bflinn@ycst.com

Attorneys for Deutscher Tennis Bund and Rothenbaum Sports GMBH Tennis

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this 5th day of July, by electronic and United States mail on the following counsel:

Lawrence C. Ashby
Philip Trainer, Jr.
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE 19899
(302) 654-1888
lashby@ashby-geddes.com
ptrainer@ashby-geddes.com

Bradley I. Ruskin
Jennifer R. Scullion
Proskauer Rose
1585 Broadway
New York, NY 10036

*Attorneys for Defendant ATP Tour, Inc.*

# SCHEDULE A

Pursuant to Fed. R. Civ. P. 30(b)(6), ATP shall designate one or more officers, directors, managing agents, or other persons who is/are the most qualified to testify on its behalf with respect to the following matters:

1. Any and all compensation, including financial and non-financial payments, bonuses, gifts, perks or things of value, paid and/or provided and/or that will be or might be paid and/or provided by the ATP Tour, Inc. ("ATP") and/or any entity related to the ATP or acting in concert with or on the ATP's behalf to each of the ATP's "key players" as that term is used in the Scheduling Order, from 2000 onwards, and the location of all documents relating thereto;

2. Any and all compensation, including financial and non-financial payments, bonuses, gifts, perks or things of value, paid and/or provided and/or that will be or might be paid and/or provided by any other person from 2000 onwards that relate in any way to any aspect or component of the ATP's Brave New World Plan (the "Plan") and the location of any and all documents relating thereto;

3. Any and all decisions by ATP relating in any way to the creation, development and/or implementation of the Plan, including, *inter alia*, ATP Board of Director (the "Board") meetings, whether formal or informal; Management or Executive meetings, retreats and/or conferences (including but not limited to, the ATP Management Retreat(s) in the Spring/early Summer of 2006; Board minutes; Board decisions; any discussions and/or negotiations involving any Board members and/or ATP officers relating to the Plan; and the location of any and all documents relating thereto;

4. Any and all communications, negotiations, discussions, agreements, arrangements or contracts between the ATP and/or any ATP tournament with any representative, person or entity relating to the award or possible award of a WTA Tour ("WTA") sanction to any ATP tournament(s); the creation of "combined" men's and women's tournaments; and/or any aspect of the Plan relating to the creation of "combined" men's and women's tennis tournaments and the location of any and all documents relating thereto.

Plaintiffs reserve their right to supplement this list of topics.

## INSTRUCTIONS AND DEFINITIONS

1. The terms "ATP," "you," and "your" refer to the Defendant, ATP Tour, Inc. and its affiliates, agents, employees, attorneys, accountants, consultant, and any other representative acting on, or purporting to act on, the behalf of the Defendant ATP Tour, Inc.

2. As used herein, "communication" or "communications" shall mean and include any transmission, conveyance, or exchange of information, whether by written, oral, electronic, or by other means including, but not limited to, the transmission or exchange of any kind of document or email, as well as face-to-face conversations, meetings, and telephone conversations.

3. As used herein, "person" shall include, whenever appropriate, not only a natural person, but also a corporation, partnership, unincorporated association, joint venture or other association of persons, and also a governmental agency, office, administration, board or other body.

4. Information requested is to include all information in the possession of the party, its attorney, investigators, agents, or others in privity with ATP.