IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEUTSCHER TENNIS BUND (GERMAN TENNIS FEDERATION) and ROTHEMBAUM SPORTS GMBH,<br><br>               Plaintiffs,<br><br>     v.<br><br>ATP TOUR, INC., JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8 and JOHN DOE 9,<br><br>               Defendants. | C.A. No. 07-178-GMS<br><br>**TRIAL BY JURY DEMAND** |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in the above-entitled action ("Action") may involve the disclosure of certain documents, things and information in the possession, custody or control of a party that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and as further set forth below;

WHEREAS, entry of this Protective Order will prevent unnecessary dissemination or disclosure of such confidential information;

WHEREAS, good cause exists for the entry of this Protective Order pursuant to Rule 26(c), Fed. R. Civ. P. to protect against improper disclosure or use of confidential information produced or disclosed in this case.

IT IS HEREBY ORDERED as follows:



Parties:  The term "GTF" means plaintiffs Deutscher Tennis Bund and Rothenbaum Sports GMBH.  The term "ATP" means defendants ATP Tour, Inc., Etienne de Villiers, and Charles Pasarell.    The term "Monte Carlo" means Monte-Carlo Country Club and Société Monégasque pour L'Exploitation du Tournoi de Tennis.

1.      Selected Definitions.

1.1     The term "Action" means Deutscher Tennis Bund, et al. v. ATP Tour, Inc., 07-178 (GMS).

1.2     The term "Discovery Material" means all items or information that are produced in disclosures or responses to discovery.  Discovery Material includes the record of any oral or written testimony given at any deposition, pre-trial hearing, trial or proceeding in this action, as well as all Documents or other materials produced, and any copies, abstracts, excerpts, analyses, summaries or other materials which contain, reflect or disclose any such testimony, documents, other materials or information.

1.3     The term "Document" shall have the broadest meaning permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant case law.

1.4     The term "Designated Material" means any Discovery Material that constitutes, contains, reflects or discloses trade secrets or other confidential research, development, technical, financial, or commercial information within the scope of Federal Rule of Civil Procedure 26(c)(7).  Designated Material is either CONFIDENTIAL or RESTRICTED CONFIDENTIAL. Any copies, abstracts, excerpts, analyses, summaries or other materials that contain, reflect or disclose information contained in Designated Material shall themselves be Designated Material and marked with the same designation as the underlying material.

1.5    The term "<u>CONFIDENTIAL</u>" means Designated Material that a Designating Party believes in good faith to contain (a) proprietary or commercially sensitive business information or (b) information subject by law or by contract to a legally protected right of privacy.

1.6    The term "<u>RESTRICTED CONFIDENTIAL</u>" means Designated Material that a Designating Party believes in good faith has associated with it enhanced trade secret or competitive sensitivity beyond that associated with CONFIDENTIAL material in that it contains information the disclosure of which to any officers, members, employees, or in-house counsel of any party could materially compromise its commercial, business or financial position in a manner that would not exist in the absence of such disclosure. RESTRICTED CONFIDENTIAL materials may not include CONFIDENTIAL information that the ATP and its members have historically exchanged or made available to one another in the course of their relationship, or minutes or summaries of ATP Board of Director or officer meetings.

1.7    The term "<u>Receiving Party</u>" means a party that receives Discovery Material.

1.8    The term "<u>Producing Party</u>" means a party or non-party (including Monte Carlo) that has produced or that produces Discovery Material.

1.9    The term "<u>Designating Party</u>" means a party or non-party that designates information, Documents, or items that it produces as CONFIDENTIAL or RESTRICTED CONFIDENTIAL.

1.10    The term "<u>Outside Counsel</u>" means attorneys who are not employees, officers, or directors of a party, and the paralegal, clerical, and secretarial staff employed by such attorneys.

1.11    The term "<u>In-House Counsel</u>" means attorneys who are employees, officers, or directors of a party and who regularly provide legal advice to that party in the ordinary cause of

3

their duties as an employee, officer, or director.

1.12    The term "Expert" means a person who has been retained by a party to serve as an expert witness or as a consultant.

1.13    The term "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.14    The term "Final Termination of this Action" means the date of: (a) the filing of a stipulated dismissal or the entry of a voluntary dismissal; (b) a final non-appealable order disposing or this case; or (c) the expiration of the time for any appeal following a final order disposing of this case.

2.    **Scope Of Protection.**

2.1    Generally. This Protective Order shall govern all Discovery Material, including material produced and designated by ATP, GTF, or Monte Carlo prior to entry of this Protective Order.

2.2    Applies To All Parties And Non-Parties. This Protective Order shall apply to the parties. A non-party from whom discovery is sought may elect to agree to the protections and be bound by the procedures in this Protective Order.

3.    **Designation.**

3.1    Right To Designate as CONFIDENTIAL. Each party and non-party shall have the right to designate as CONFIDENTIAL any Discovery Material meeting the definitions set forth in paragraphs 1.4 and 1.5.

066145.1001

3.2    <u>Right to Designate as RESTRICTED CONFIDENTIAL</u>. Each party and non-party may seek a RESTRICTED CONFIDENTIAL designation, for any Discovery Material meeting the specific standards set forth in each of paragraphs 1.4, 1.5, and 1.6.  Within one business day of producing RESTRICTED CONFIDENTIAL materials, the Designating Party must notify the Receiving Party, in writing, of the document numbers for any such RESTRICTED CONFIDENTIAL materials.  Following provision of this notice, the following procedure shall be utilized:

(a)    <u>Meet And Confer</u>.  The parties shall meet and confer within three (3) business days of receipt of notification by the Receiving Party, in a good-faith effort to come to an agreement regarding the designation.

(b)    <u>Judicial Resolution</u>.  If the parties are unable to agree as to whether the PRODUCING PARTY properly designated the Discovery Material as RESTRICTED CONFIDENTIAL, counsel for the party seeking the designation may either withdraw that designation or, by filing an appropriate document with the Court within five business days of the meet and confer meeting, seek an order determining whether the Designated Material is properly designated and protected from disclosure.  The PRODUCING PARTY shall have the burden of proving that the disputed Designated Material properly merits a RESTRICTED CONFIDENTIAL designation and protection from disclosure under applicable law.  Designated Material shall retain its RESTRICTED CONFIDENTIAL status until such time as: (1) the parties expressly agree otherwise in writing; or (2) this Court resolves the issues presented by the motion.

3.3    <u>Related Documents</u>.  Information designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL shall include: (a) all Documents, copies, extracts, and complete or partial

5

summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such Documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such Documents, copies, extracts, or summaries; and (d) testimony taken in a deposition, hearing, or other proceeding that is designated in accordance with Paragraphs 3.1 or 3.2.

     3.4    Manner And Timing Of Designations.

        (a)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings). All Designated Material shall bear a legend on each page stating that the material is "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL." All Designated Material shall be marked before being sent to any Receiving Party, or if inadvertently produced without such legend, by furnishing written notice to the Receiving Party that the information shall be considered CONFIDENTIAL or RESTRICTED CONFIDENTIAL under this Protective Order. Where it is not possible to affix a legend to particular Designated Material, the Producing Party shall take reasonable steps to give all Receiving Parties notice of its status as Designated Material. Where computer storage media has been marked as Designated Material and the files on it are not individually Bates numbered or identified as Designated Material, all files contained therein shall themselves be Designated Material and deemed to be marked with the same designation as the computer storage media.

        (b)    For testimony given in deposition or in other pretrial or trial proceedings. A party's or non-party's counsel may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as CONFIDENTIAL or RESTRICTED CONFIDENTIAL. A party

                         

or non-party's counsel shall also have up to ten (10) business days after receipt of a deposition or hearing transcript to identify specific portions of the testimony as to which CONFIDENTIAL or RESTRICTED CONFIDENTIAL protection is sought. Each transcript in its entirety shall be treated as having been designated RESTRICTED CONFIDENTIAL until the expiration of this ten (10) business day review period, and neither the transcript nor the content of any testimony shall be disclosed by a non-Designating Party to persons other than those persons approved according to Paragraphs 4.2 through 4.5.

Transcripts containing Designated Material must be labeled on the cover page "Contains CONFIDENTIAL or RESTRICTED CONFIDENTIAL Information." On each page containing Designated Material, the court reporter shall place a legend "CONFIDENTIAL or RESTRICTED CONFIDENTIAL" as instructed by designating counsel.

(c)    For information produced in some form other than documentary, and for any other tangible items. The Producing Party shall affix in a prominent place on the exterior of the container in which the information or item is stored the legend "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as CONFIDENTIAL or RESTRICTED CONFIDENTIAL.

(d)    The Parties shall comply with the terms of this [Proposed] Stipulated Protective Order prior to the date that the Order is entered.

3.5    Inadvertent Failure to Designate. An inadvertent failure to designate Discovery Material as CONFIDENTIAL or RESTRICTED CONFIDENTIAL does not, standing

7

alone, waive the Designating Party's right to secure protection for such material. If material is appropriately designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL after the material was initially produced, the Receiving Party, on timely notification of the designation, must treat the material in accordance with this Protective Order including retrieving all copies and excerpts of any re-designated Discovery Material from persons not entitled to receive it.

4.    **Limit On Use And Disclosure Of Designated Material.**

4.1    Basic Principles.

(a)    No person shall use Designated Material for purposes other than the prosecution or defense of this action.

(b)    Plaintiffs represent to Defendants that, prior to Plaintiffs' receipt of Designated Material, they possessed information that they believed to be sufficient to constitute a reasonable basis to request intervention or action by governmental agencies that investigate or otherwise review alleged restraints of trade or anticompetitive conduct or otherwise seek to regulate or prevent business practices that restrain competition including, *inter alia*, the European Commission, the United States Department of Justice, Antitrust Division, and the Federal Trade Commission, Bureau of Competition. ATP acknowledges that Plaintiffs are making such representation, but ATP denies that there is any substantive basis to it.

(c)    The attorneys of record for the parties and other persons receiving Designated Material shall exercise reasonable care to ensure that the Designated Material is: (x) used only for the purposes specified herein; and (y) disclosed only to authorized persons.

(d)    It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of Designated Material, provided

that such rendering of advice and opinions shall not reveal the content of such information to unauthorized persons at the client except by prior written agreement with counsel for the Producing Party.

      (e)    Designated Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

      4.2    <u>Disclosure of CONFIDENTIAL Material</u>.  Except as set forth herein or in any subsequent order of the Court, Discovery Material designated CONFIDENTIAL, and any part of the information contained in that Discovery Material, shall not be given, shown, disclosed, exhibited, or made available in any way, directly or indirectly, to any person other than:

      (a)    Outside Counsel of record for the respective parties, specifically: Barnes & Thornburg LLP, Young Conaway Stargatt & Taylor, LLP, Proskauer Rose LLP, and Ashby & Geddes, P.A;

      (b)    In-House counsel for a Party;

      (c)    The Court and persons employed by it or appointed by it in connection with the Actions;

      (d)    Experts and their staffs;

      (e)    Court reporters, videographers, or other qualified persons taking testimony as employed in connection with these Actions;

9

(f)     Professional Vendors retained to provide litigation support services involving Designated Material produced in these Actions; and

(g)     The author or preparer of such Designated Material and anyone having received it.

(h)     Actual or potential party or non-party fact witnesses, including fact witnesses in preparation for deposition, hearing, or trial, provided there is a reasonable basis to believe that the witness will give relevant testimony regarding the Designated Material;

(i)     Witnesses at a deposition or hearing provided there is a reasonable basis to believe the witness will give relevant testimony regarding the Designated Material;

(j)     Witnesses at trial provided there is a reasonable basis to believe the witness will give relevant testimony regarding the Designated Material;

(k)     Current officers and directors of GTF or ATP, and any members or employees of GTF or ATP directly assisting Outside Counsel or In-House Counsel for GTF or ATP.

4.3     <u>Disclosure of Party's Own Documents</u>.  A party or non-party may disclose its own Designated Material to any person as it deems appropriate.

4.4     <u>Disclosure of RESTRICTED CONFIDENTIAL Material</u>.  Except as set forth herein or in any subsequent order of the Court, Discovery Material designated RESTRICTED CONFIDENTIAL, and any part of the information contained in that Discovery Material, shall not be given, shown, disclosed, exhibited, or made available in any way, directly or indirectly, to any person other than those categories of individuals listed in Paragraphs 4.2(a),

4.2(c) through 4.2(j) and to any and all persons to whom a party or non-party has disclosed its own RESTRICTED CONFIDENTIAL materials.

      4.5    Agreement Of Confidentiality.  Except for the individuals listed in Paragraphs 4.2(a)-(c), 4.2(e), and 4.2(g), all persons to whom Designated Material is disclosed shall be informed of and agree to be bound by the terms of this Protective Order. Prior to disclosure of Designated Material to any such person, the person shall execute a written acknowledgment, substantially in the form of Exhibit A annexed hereto. Prior to dissemination by a Receiving Party of any Designated Material to any such person, the disseminating party shall obtain and maintain a copy of this Protective Order and Agreement evidencing that such person has executed the undertaking set out above.

      4.6    Duty To Notify Regarding Inappropriate Disclosure.  If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Designating Party of such disclosure, use all reasonable efforts to attempt to retrieve the Designated Material and prevent disclosure by each unauthorized person who received such information.

      4.7    Proposed Disclosures To Unauthorized Persons.  In the event that a party deems it necessary to disclose any Designated Material to any person not specified in Paragraphs 4.2 and 4.3 (the "Proposed Disclosure"), that party shall notify counsel for the Producing Party in writing of: (a) the Designated Material sought to be disclosed; and (b) the person(s) to whom such disclosure is to be made. The Proposed Disclosure shall not be made absent written permission of the Producing Party, unless the party wishing to disclose, after reasonable notice, obtains an Order from this Court permitting the Proposed Disclosure. Counsel shall obtain from

DB02:6156224.1       066145.1001

all persons to whom disclosures are made pursuant to this paragraph a written acknowledgment, substantially in the form of Exhibit A annexed hereto.

5. **Designated Material Subpoenaed Or Ordered Produced In Other Proceedings.**

  5.1 <u>Duty to Notify Producing Party</u>. If a Receiving Party is served with a subpoena or an order issued in other active judicial, arbitral, or administrative agency proceedings (including proceedings by any governmental agency concerning alleged restraints of trade or anticompetitive conduct or business practices that restrain competition) that would compel disclosure of any Designated Material, the Receiving Party must notify the Producing Party in writing immediately, and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. Absent express written agreement from the Producing Party, the Receiving Party shall not produce any Designated Material in response to the subpoena or order prior to the date called for in the subpoena or order, or, if no date is specified, less than five court days after giving notice to the Producing Party of the subpoena or order.

  5.2 <u>Duty to Notify Third Party</u>. The Receiving Party also must immediately inform in writing the party, court, government agency, or arbitral panel that caused the subpoena or order to issue in the other proceeding that some or all the material covered by the subpoena or order is the subject of this Protective Order and promptly provide such party, court, government agency, or arbitral panel with a copy of this Protective Order.

  5.3 <u>Purpose</u>. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party in this case an opportunity to try to protect its confidentiality interests in the judicial, arbitral, or administrative

DB02:6156224.1                                                066145.1001

agency proceedings in which the subpoena or order issued. Nothing in these provisions or in the Protective Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena or order issued in another judicial, arbitral, or administrative agency proceeding.

6.    **Attendance At Depositions.**

The parties agree to follow Delaware Local Rule 30.3.

7.    **Documents Filed Under Seal.**

Designated Material, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects or includes any Designated Material shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the appropriate legend ("CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL"), and a statement substantially in the following form, in bold-face, large-type font:

> **This envelope contains materials subject to a Protective Order of the Court. It should be opened only by the Court. It shall not be made part of the public record or docket and its contents shall not be disclosed, displayed or revealed to the public, or otherwise made public, except pursuant to order of this court or written agreement of the parties.**

8.    Challenge To Confidentiality.

8.1    <u>Generally</u>.    This Protective Order shall not preclude any party from seeking such additional protection with respect to the confidentiality of documents or other discovery materials. Nor shall any party be precluded from: (a) claiming that any Designated Material is not entitled to the protections of this Protective Order; (b) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by

this Protective Order; or (c) applying for an order modifying this Protective Order.  No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

8.2    Procedure For Challenges.  At any time, the Receiving Party may notify the Designating Party, in writing, of its objection to the designation applied to any Designated Material.  In the event that there is a disagreement as to whether the material has been properly designated, the following procedure shall be utilized:

(a)    Meet And Confer.  The parties shall meet and confer within three (3) business days of receipt of such objection to resolve the disagreement.

(b)    Judicial Resolution.  If the parties are unable to agree as to whether the PRODUCING PARTY should have designated the Discovery Material as CONFIDENTIAL or RESTRICTED CONFIDENTIAL, counsel for the party opposing the designation may, by filing an appropriate document with the Court, seek an order determining whether the Designated Material is properly designated and protected from disclosure.  In considering such a motion, the PRODUCING PARTY shall have the burden of proving that the disputed Designated Material properly merits designation and protection from disclosure under applicable law.  Designated Material shall retain its CONFIDENTIAL or RESTRICTED CONFIDENTIAL status until such time as: (1) the parties expressly agree otherwise in writing; or (2) this Court enters an order reclassifying such material or stripping it of its CONFIDENTIAL or RESTRICTED CONFIDENTIAL status, and the time to seek review of such order has expired, no appeal having been taken; or in the event review is sought, the District Court or an appellate court has completed its review and rendered a final decision on the matter.

9.    **Inadvertent Disclosure Of Work Product Or Privileged Information:**

DB02:6156224.1                                                        066145.1001

**Procedure And Waiver.**

The parties are expected to produce substantial quantities of documents and items in this case, which may result in an inadvertent disclosure of information, Documents, or items subject to claims of protection under the attorney-client privilege, work product doctrine, or other doctrines or privileges of nondisclosure ("assertedly privileged material"). Within fourteen (14) days after the Producing Party actually learns of an inadvertent disclosure, the Producing Party may notify in writing the Receiving Party that said production was inadvertent and demand the return of the assertedly privileged material. On such timely demand, the Receiving Party shall destroy all physical and electronic copies of such information, Documents and/or things to the Producing Party within 5 business days of receipt of such notice and shall not further disclose or use the information contained in such items for any purpose, except that a Producing Party may submit a copy of and refer to the assertedly privileged material in connection with any motion to the Court challenging the assertedly privileged material, provided however that any portion of such a motion containing or referring to the assertedly privileged material shall be submitted in camera. If the Producing Party demands the return of the assertedly privileged material within this 14-day grace period, the disclosure of the assertedly privileged material shall be deemed inadvertent. After the 14-day grace period, any demand for return of inadvertently produced assertedly privileged material shall be governed by the procedures and standards of the applicable case law.

10.    **Return Of Designated Material.**

10.1    <u>Duty to Return Designated Material</u>. Within 30 days of Final Termination of this Action, unless otherwise agreed to in writing by an attorney of record for the Designating Party, each party shall assemble and return, or certify destruction of, all Designated Material to

the Producing Party. The Receiving Party shall notify the Producing Party of compliance in writing. The Receiving Party shall make a reasonable effort to retrieve any documents or information subject to this Protective Order from any person to whom such information has been given, and shall notify the Producing Party of any failure to retrieve any such information. Such notification shall include a detailed description of any document or item not returned or destroyed, and its whereabouts. Nothing in this Paragraph shall preclude Outside Counsel or In-House Counsel from retaining one copy of: (a) pleadings, motions, and memoranda filed with the Court (including materials filed under seal), and (b) hearing and trial transcripts and exhibits admitted therein; provided, however, that such counsel may not disclose retained materials which contain Designated Material to any other person and shall keep such retained materials in a manner reflecting their confidential nature.

10.2    <u>Duration.</u>    After Final Termination of this Action, the restrictions on the communication and/or disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom Designated Material was disclosed. The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

11.    **Conflict With Prior Agreements Or Local Rules.**

To the extent the terms of this Protective Order conflict with any Local Rule or with any agreements between the parties regarding the confidentiality of particular documents or information entered into before the date of this Protective Order, the terms of this Protective Order shall govern.

12.    Discovery of Testifying Experts.

(a)    No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report is provided. Instead, the party or parties retaining such

16

expert will make him or her available for deposition, at a time mutually agreed to by the parties, consistent with the Court's scheduling orders, and will produce the expert's documents, as outlined below.

(b)     The parties will make all disclosures required by Rule 26(a)(2)(B), as modified or limited by this stipulation, at the times that the Court has required or may require for the service of written expert reports.    These disclosures will include all information considered by the expert in connection with the formation of the expert's opinions.  To the extent that the disclosures include exhibits, information or data produced or stored on computer, machine readable copies of the data (including all input and output files) along with the appropriate computer programs and instructions shall be produced.  If data considered by experts are derived from electronic data provided by any party to this action, that electronic data, in machine readable format, shall be produced, together with any programs and instructions necessary to access and use the data.  No party need produce computer programs that are reasonably and readily commercially available.  All electronic data, together with programs and instructions, shall be produced within three working days of the issuance of the expert's report. All other material required to be produced shall be made available for inspection and copying within the same three-day period at the office of counsel for the party producing the expert, or at such other location agreed to by the parties.  The location for such inspection and copying shall be set no later than five business days in advance of the date on which the expert's report is due to be produced.    The parties agree to make personnel available informally from expert or consulting support staff to answer technical questions related to the data or programs produced. The agreement to make personnel from expert or consulting support staff available "informally" shall not be construed as an agreement by the parties to make such personnel available for

17

deposition.

(c)   Notwithstanding the foregoing, the following categories of data, information, or documents need not be produced by any party or expert:

a.   any correspondence or memos to or from, or notes of conversations with, attorneys for the party offering the testimony of such expert witness, or the expert's support staff, unless the expert witness is relying upon information in those notes or other writings in connection with the expert witness' opinions in this matter; or

b.   draft reports prepared by, for or at the direction of an expert witness.

(d)   Nothing in this stipulation should be construed to preclude reasonable questions at deposition going to the expert's compensation, hours expended in preparing his or her report and testimony, the process by which the report and testimony were prepared and the identity of the people who drafted it, and frequency and duration of meetings with counsel.

13.   **Waiver, Modification And Termination.**

No part of the restrictions imposed by this Protective Order may be modified, waived or terminated, except by written stipulation executed by counsel of record for each Designating Party, or by an order of the Court.

14.   Miscellaneous.

18

Entering into, agreeing to, producing or receiving Designated Material, or otherwise complying with the terms of this Protective Order shall not:

(a)    operate as an admission by any party that any Designated Material designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL by any other person contains or reflects trade secrets or any type of confidential information;

(b)    reduce in any way the rights of the parties or nonparties from whom discovery may be sought to object to requests for discovery or to the production of documents that they consider not subject to or privileged from discovery, or operate as an admission by any party or non-party that the restrictions and procedures set forth herein constitute adequate protection for any particular Designed Material;

(c)    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence that is subject to this Protective Order;

(d)    prejudice in any way the rights to a party to seek a determination by the Court whether any Designated Material should be subject to the terms of this Protective Order;

(e)    prejudice in any way the rights of a party or other producing person to petition the Court to amend this Protective Order or enter a further order relating to any Designated Material or other Discovery Material; or

(f)    prevent the parties from agreeing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular Designated

19

Material or other Discovery Material.

DB02:6156224.1 066145.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: _____
    C. Barr Flinn (No. 4092)
    Chad S.C. Stover (No. 4919)
    The Brandywine Building
    1000 West Street, 17th Floor
    Wilmington, DE  19801
    (302) 571-6600
    cstover@ycst.com

OF COUNSEL:
Robert D. MacGill
Hamish S. Cohen
Jennifer Westerhaus Adams
Barnes &Thornburg LLP
11 South Meridian Street
Indianapolis, IN  46204

Attorneys for Deutscher Tennis Bund and
Rothenbaum Sports GMBH Tennis
ASHBY & GEDDES

            /s/ Philip Trainer, Jr.

By: _____
    Lawrence C. Ashby (No. 468)
    Philip Trainer, Jr. (No. 2788)
    500 Delaware Avenue, 8th Floor
    P. O. Box 1150
    Wilmington, DE  19899
    (302) 654-1888
    lashby@ashby-geddes.com
    ptrainer@ashby-geddes.com

OF COUNSEL:
Bradley I. Ruskin
Jennifer R. Scullion
Proskauer Rose
1585 Broadway
New York, NY  10036

Attorneys for ATP Tour, Inc., *et al.*

21

Dated: _____

IT IS SO ORDERED.

_____

United States District Judge

DB02:6156224.1                                    066145.1001

EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| DEUTSCHER TENNIS BUND (GERMAN TENNIS FEDERATION) and ROTHENBAUM SPORTS GMBH TENNIS, | : : : : | Civil Action No. 07-178 (GMS) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| - against - | : | |
| | : | |
| ATP TOUR, INC., | : | |
| Defendant. | : | |

-------------------------------------------------------------------------------------------------------------

I have read and am fully familiar with the terms if the Stipulated Protective Order entered on _____, 2007 in the above-captioned litigation.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I agree that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order/

I agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of ensuring compliance with this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare the foregoing under penalty of perjury.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
                        [printed name]

Signature:_____
                        [signature]