IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEUTSCHER TENNIS BUND (GERMAN TENNIS FEDERATION), ROTHENBAUM SPORT GMBH, and QATAR TENNIS FEDERATION, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-178-GMS |
| v. | ) ) | |
| ATP TOUR, INC., ETIENNE DE VILLIERS, CHARLES PASARELL, GRAHAM PEARCE, JACCO ELTINGH, PERRY ROGERS, and IGGY JOVANOVIC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' NOTICE
TO TAKE A RULE 30(b)(6) DEPOSITION OF ATP TOUR, INC.**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Deutscher Tennis Bund (the German Tennis Federation ("GTF")), the Rothenbaum Sport GmbH (the "GTF Tournament" or "Hamburg Tournament"), and the Qatar Tennis Federation ("QTF") (all collectively, the "Plaintiffs"), will take the deposition by oral examination of the ATP Tour, Inc. ("ATP") on November 21, 2007, at the offices of Sidley Austin, 787 Seventh Avenue, New York, NY, or as otherwise agreed. The deposition will commence at 9 a.m. or at such other time agreed upon by counsel and will continue day-to-day until completed.

ATP is directed, pursuant to Rule 30(b)(6), to designate one or more officers, directors, managing agents, or other persons who are knowledgeable or consent to testify on its behalf with

respect to each of the subjects set forth in Schedule A, which is attached to this Notice. ATP is required to designate persons for examination on matters known or reasonably available to it pertaining to the subjects set forth in the attached Schedule A.

Plaintiffs request that ATP provide Plaintiffs' counsel on or before November 16, 2007, with a written designation of the designee(s) who will testify on ATP's behalf as to each subject identified in Schedule A.

The deposition will be taken before an officer authorized to administer oaths and will be recorded by stenographical means and by videotape. You are hereby noticed and invited to attend and participate.

                                                 C. Barr Flinn (No. 4092)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
bflinn@ycst.com
cstover@ycst.com

*Attorneys for Deutscher Tennis Bund and Rothenbaum Sports GMBH*

Of Counsel:

Robert D. MacGill
Hamish S. Cohen
Jennifer W. Adams
Matthew B. Barr
Barnes &Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204

Dated: November 13, 2007

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, hereby certify that on, November 13, 2007, copies of the foregoing document have been served on the following counsel in the manner indicated below:

### BY E-MAIL AND HAND DELIVERY

Lawrence C. Ashby
Philip Trainer, Jr.
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE 19899
(302) 654-1888
lashby@ashby-geddes.com
ptrainer@ashby-geddes.com

### BY E-MAIL AND U.S. MAIL

Bradley I. Ruskin
Jennifer R. Scullion
Proskauer Rose
1585 Broadway
New York, NY 10036

_____
Chad S.C. Stover (No. 4919)

## SCHEDULE A

Pursuant to Fed. R. Civ. P. 30(b)(6), ATP shall designate one or more officers, directors, managing agents, or other persons who is/are the most qualified to testify on its behalf with respect to the following matters:

1. The existence of all Documents requested in Plaintiffs' First Requests for Production and Plaintiffs' Second Requests for Production.

2. The location of all Documents requested in Plaintiffs' First Requests for Production and Plaintiffs' Second Requests for Production.

3. The dates on which You delivered the Documents requested in Plaintiffs' First Requests for Production and Plaintiffs' Second Requests for Production to Your internal and/or external legal counsel.

4. All Persons who have had possession and/or control of Documents requested in Plaintiffs' First Requests for Production and Plaintiffs' Second Requests for Production.

5. The electronic creation, duplication and/or storage of all Documents requested in Plaintiffs' First Requests for Production and Plaintiffs' Second Requests for Production.

6. All document retention/destruction policies that would relate to any Documents requested in Plaintiffs' First Requests for Production and Plaintiffs' Second Requests for Production.

7. The organization, indexing and/or filing of all Documents requested in Plaintiffs' First Requests for Production and Plaintiffs' Second Requests for Production.

8. Your methodology and/or procedure for identifying, collecting, and producing

Documents responsive to Plaintiffs' First Requests for Production and Plaintiffs' Second Requests for Production.

9. The completeness of Your production of responsive Documents in response to Plaintiffs' First Requests for Production and Plaintiffs' Second Requests for Production.

10. The methodology and/or procedure You employed to supplement Your production of Documents responsive to Plaintiffs' First Requests for Production and Plaintiffs' Second Requests for Production.

11. The architecture of Your computer system, including, but not limited to, the location of Your servers, maintenance of Your servers, connectivity among and between Your servers, access to information on Your servers, and Your back-up and archival systems.

12. The existence, development, architecture, and maintenance of all of Your intranet or internet websites, including, but not limited to, how electronic documents are stored and accessed on those systems.

## INSTRUCTIONS AND DEFINITIONS

1. The terms "ATP," "you," and "your" refer to the Defendant, ATP Tour, Inc. and its affiliates, agents, employees, attorneys, accountants, consultant, and any other representative acting on, or purporting to act on, the behalf of the Defendant ATP Tour, Inc.

2. As used herein, "Person" or "Persons" shall include, whenever appropriate, not only a natural person, but also a corporation, partnership, unincorporated association, joint venture or other association of persons, and also a governmental agency, office, administration, board or other body.

3. As used herein, the term "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

4. As used herein, the term "Plaintiffs' First Requests for Production" refers to the set of requests for production that the then-existing Plaintiffs served on the ATP on May 25, 2007.

5. As used herein, the term "Plaintiffs' Second Requests for Production" refers to the set of requests for production that the then-existing Plaintiffs served on the ATP on August 21, 2007.

6. Information requested is to include all information in the possession of the party, its attorney, investigators, agents, or others in privity with ATP.