IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEUTSCHER TENNIS BUND (GERMAN TENNIS FEDERATION) and ROTHENBAUM SPORT GMBH, and QATAR TENNIS FEDERATION,<br><br>Plaintiffs,<br><br>v.<br><br>ATP TOUR, INC., ETIENNE DE VILLIERS, CHARLES PASARELL, GRAHAM PEARCE, JACCO ELTINGH, PERRY ROGERS, and IGGY JOVANOVIC,<br><br>Defendants. | Civil Action No. 07-178 (GMS) |

**ATP TOUR, INC.'S NOTICE TO TAKE A RULE 30(B)(6) DEPOSITION OF PLAINTIFF QATAR TENNIS FEDERATION ("QTF")**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant ATP Tour, Inc. will take the deposition by oral examination of Plaintiff Qatar Tennis Federation ("QTF") on December 3, 2007 at the offices of Proskauer Rose LLP, 1585 Broadway, New York, NY 10036, or as otherwise agreed. The deposition will begin at 10 a.m. and will continue day-to-day until completed.

QTF is directed, pursuant to Rule 30(b)(6), to designate one or more representatives who are knowledgeable or consent to testify on its behalf with respect to each of the subjects set forth in the attached Schedule A. Defendant requests that QTF provide to it on or before November 26, 2007 a written designation of those who will testify on its behalf as to each of the subjects identified on Schedule A.

The deposition will be conducted before a duly qualified notary public or other officer qualified to administer oaths, will be recorded stenographically, may be videotaped, and will be taken for the purposes of discovery and for any other purposes authorized by the Federal Rules of Civil Procedure. You are invited to attend and participate.

Dated: November 16, 2007

ASHBY & GEDDES

*/s/ Carolyn S. Hake*

Lawrence C. Ashby (I.D. #468)
Philip Trainer, Jr. (I.D. #2788)
Carolyn S. Hake (I.D. #3839)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
lashby@ashby-geddes.com
ptrainer@ashby-geddes.com
chake@ashby-geddes.com

OF COUNSEL:

PROSKAUER ROSE LLP
Bradley I. Ruskin
Jennifer R. Scullion
Evan S. Greene
1585 Broadway
New York, NY 10036-8299
Phone: (212) 969-3000

*Attorneys for Defendants*

185973.1

## SCHEDULE A

1. QTF's past, present or potential future membership in the ATP, the WTA, and any other tennis circuit, tour, or federation.

2. The names and positions of all executives of QTF.

3. QTF's bid for and award of the right to operate the end-of-season championship for the WTA beginning in 2008.

4. QTF's consideration of or participation in any discussions or negotiations concerning the possibility of creating a combined mens/womens event owned or operated to any extent by or on behalf of the QTF.

5. QTF's consideration of or participation in any discussions or negotiations concerning the possibility of creating a combined mens/womens event in Germany.

6. Any efforts by or on behalf of the QTF to acquire any interest in a combined mens/womens event, including, but not limited to, the Indian Wells event.

7. QTF's consideration of operating the Doha Tournament as a "500" event, including QTF's application for a "500" sanction.

8. QTF's consideration of operating the Doha Tournament as a "250" event.

9. The financial value of the Doha Tournament or of QTF's interests with respect to the Doha Tournament.

10. The financial value of the Hamburg Tournament or of the QTF's interests with respect to the Hamburg Tournament

11. The finances of the Doha Tournament since 2000, including but not limited to both projected and actual financial results (including all revenue and expenses).

12. Budgets for the Doha Tournament since 2000.

13. Communications with the Qatar Olympic Committee concerning any actual or potential professional tennis events in Qatar.

14. The actual or potential sale, lease, or transfer of any portion of the QTF's interest with respect to any ATP or WTA tournament, including its interest with respect to the Hamburg Tournament, the Doha Tournament, the Qatar Telecom German Open, or the Qatar Total Open.

15. QTF's purchase of any interest in the Hamburg Tournament and/or Rothenbaum Sport GmbH.

16. QTF's purchase of any interest in the WTA tournament in Berlin, Germany, now known as the Qatar Telecom German Open.

17. The actual or potential sale, lease, or transfer to QTF of any portion of DTB's interest with respect to any ATP or WTA tournament.

18. The QTF's participation in any pooling agreement with respect to any ATP or WTA tournament.

19. Any actual or potential sponsorship of the Doha Tournament, including all agreements with sponsors, all financial or other analyses performed, produced or received in connection with the discussion of any actual or potential sponsorship of the Doha Tournament.

20. Media and/or telecast rights concerning the Doha Tournament or the Total Open, including any agreements concerning such rights and any financial or other analyses of such rights.

21. The QTF's experience with player commitments, participation in, and withdrawals from the Doha Tournament, and the QTF's support for or opposition to the current ATP Rules concerning player commitments and withdrawals, and any proposed or actual changes to those rules since 2000.

22. Prize money or other player compensation (financial or otherwise) provided to players who have played in the Doha Tournament since 2000, and all decisions concerning such compensation to players.

23. Media coverage concerning the Doha Tournament.

24. The QTF's representation and participation in the ATP Tournament Council, including all communications among the QTF and any Tournament Council members.

25. QTF's representation and participation in the ITF, including all communication among the QTF and any representatives of the ITF or its members concerning the actions of ATP as alleged in the Complaint.

26. QTF's support for or opposition to any proposed or actual restructuring plans for the ATP's calendar and/or format.

27. The application of the ATP Special Events Rule with respect to the Doha Tournament.

28. The Relevant Markets alleged in the Complaint, including QTF's ability to compete in any such Relevant Market.

29. Pricing for tickets for the Doha Tournament since 2000.

30. Any alleged or potential antitrust injury to the QTF or the Doha Tournament as alleged in the Complaint.

31. Any injury or damages the QTF alleges it or the Doha Tournament has suffered or will suffer due to the actions of the ATP as alleged in the Complaint.

32. Any effort by Plaintiffs to mitigate any alleged actual or potential damages to the QTF or the Doha Tournament for which recovery is sought in the Complaint.

33. Each of the allegations in the Complaint.

**DEFINITIONS**

1. As used herein, the term "ATP" shall mean ATP Tour, Inc. and its agents, employees, officers, directors, attorneys, affiliates, parents, subsidiaries, predecessors, successors, or anyone acting or purporting to act on its behalf.

2. As used herein, the term "QTF" shall mean Qatar Tennis Federation and its agents, employees, officers, directors, attorneys, affiliates, parents, subsidiaries, predecessors, successors, or anyone acting or purporting to act on its behalf.

3. As used herein, the term "ATP Rules" shall mean the rules, regulations, and grievance procedures as established from time to time by the ATP.

4. As used herein, the term "WTA" shall mean WTA Tour, Inc. and its agents, employees, officers, directors, attorneys, affiliates, parents, subsidiaries, predecessors, successors, or anyone acting or purporting to act on its behalf.

5. As used herein, the term "Rothenbaum Sport GmbH" shall mean Rothenbaum Sport GmbH and its agents, employees, officers, directors, attorneys, affiliates, parents, subsidiaries, predecessors, successors, or anyone acting or purporting to act on its behalf.

6. As used herein, the term "ITF" shall mean the International Tennis Federation and its agents, employees, officers, directors, attorneys, affiliates, parents, subsidiaries, predecessors, successors, or anyone acting or purporting to act on its behalf.

7. As used herein, the term "Complaint" shall mean the complaint filed on or about March 23, 2007 in the United States District Court for the District of Delaware and captioned *Deutscher Tennis Bund (German Tennis Federation), Rothenbaum Sports GMBH, and Qatar Tennis Federation v. ATP Tour, Inc., et al.*, Civil Action No. 07-178 (GMS).

8. As used herein, the term "Doha Tournament" shall mean the ATP tournament

operated by the QTF in Doha, Qatar.

9. As used herein, the term "Total Open" shall mean the WTA tournament operated by the QTF in Doha, Qatar.

10. As used herein, the term "Hamburg Tournament" shall mean the ATP tournament operated by Rothenbaum Sport GmbH in Hamburg, Germany.

11. As used herein, the term "Qatar Telecom German Open" shall mean the WTA tournament held in Berlin, Germany.

12. As used herein, the term "Indian Wells" shall mean the ATP tournament currently named the Pacific Life Open held in Indian Wells, California.

13. As used herein, the term "Media" is used in the broadest sense and includes the meaning as that term is used in the Complaint, as well as (to the extent not already included with the meaning used in the Complaint) (a) all visual forms (whether by Television, movies, through the internet, by satellite, or any other means), (b) all audio forms (whether by radio, by satellite, through the internet, by satellite, or any other means), (c) all print forms (whether distributed physically or through the internet or any other means, including newspapers, magazines, journals, websites, blogs, or chatrooms), and (d) all methods for recording any of the foregoing.

14. As used herein, the term "Player" shall have the same meaning as that term is used in the Complaint.

15. As used herein, the term "Relevant Market" shall have the same meaning as that term is used in the Complaint.

16. As used herein, the terms "Sponsor" and "Sponsorship" shall have the same meaning as those terms are used in the Complaint.