IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEUTSCHER TENNIS BUND (GERMAN TENNIS FEDERATION), ROTHENBAUM SPORT GMBH, and QATAR TENNIS FEDERATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 07-178-GMS |
| ATP TOUR, INC., ETIENNE DE VILLIERS, CHARLES PASARELL, GRAHAM PEARCE, JACCO ELTINGH, PERRY ROGERS, and IGGY JOVANOVIC, | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EXPERT OPINIONS PROFFERED BY CHARLES ELSON**

### I.    Preliminary Statement

Plaintiffs seek damages for, among other claims, the breaches of fiduciary duties committed by certain members of the ATP Board of Directors in voting to implement the ATP's Brave New World plan.  Plaintiffs will introduce as part of their case-in-chief the testimony of Charles Elson, a professor of corporate governance at the University of Delaware who has served on a number of boards of directors for for-profit and non-profit Delaware corporations (among other qualifications).  Professor Elson's opinions delineate, among other things, "the generally accepted customs and practices of officers and directors of a Delaware nonprofit corporation." (Elson Report, p. 2.)  His report states that "[c]onclusions as to scope and nature of the fiduciary duties of officers and directors are the exclusive province of the Court and exceed the scope of

my engagement and this report." Defendants have moved to exclude Professor Elson's testimony.

## II.    Argument

Federal Rule of Evidence 702 provides that "if . . . specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of opinion or otherwise . . . ."  Though a witness cannot testify as to the law governing a case, expert testimony concerning business customs and practices is allowed.  *Cantor v. Perelman*, C.A. No. 97-586 KAJ, 2006 WL 3462596, at * 5 (D. Del. Nov. 30, 2006) (citing *U.S. v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991)).  Further, though expert testimony must "fit" the issues in the case by having a valid connection to the pertinent inquiry, *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993), the "fit" requirement is "one of relevance" only.  *U.S. v. Schiff*, -- F.Supp.2d --, 2008 WL 726897, at *833 (D.N.J. March 19, 2008) (quoting *In re TMI Litigation*, 193 F.3d 613, 670 (3d Cir. 1999)).

Defendants argue that Professor Elson's report "essentially track[s] Delaware's legal standards for breach of fiduciary duty claims" and "couches his opinions in the language of 'generally accepted custom and practice.'"  (Mot. at 3.)   In doing so, Defendants attempt to evade this Court's holding in the *Cantor* case that an expert may testify regarding the customs and practices in an industry, even where the customs and practices "are extremely similar to the requirements of Delaware corporate law."  *Cantor*, 2006 WL 3462596, at * 5.   In the *Cantor* case, which centered on fiduciary duty claims, the defendants sought to exclude testimony by an expert whose report discussed how a company would handle an interested director transaction.  *Id.* at *5.  Though this Court warned that "the line between admissible and inadmissible expert

2

testimony as to the customs and practices of a particular industry often becomes blurred when the testimony concerns a party's compliance with customs and practices that implicate legal duties," *id.* at *5 (quoting *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006)), it found that the challenged expert's testimony was permissible so long as it did not "[come] too close to offering a legal opinion," *id.* This Court expressly rejected the argument that Defendants raise here, that such "custom and practice" testimony merely attempts "to dress up legal conclusions as facts." *Id.*

Here, Professor Elson's testimony is limited to the "generally accepted customs and practices of officers and directors of a Delaware nonprofit corporation." (Elson Report, p. 3.) Professor Elson's report expressly states that "[c]onclusions as to scope and nature of the fiduciary duties of officers and directors are the exclusive province of the Court and exceed the scope of my engagement and this report." (*Id.* at 2-3.) He offers no opinions as to what the ATP Director Defendants' fiduciary duties were or whether they complied with those fiduciary duties. Based on the holding in *Cantor*, then, Professor Elson's testimony is admissible.

Defendants urge the Court that "highly similar expert opinions have been disregarded as providing virtually no benefit to the trier of fact" (Motion at 4), citing *In re The Walt Disney Co. Deriv. Litig.*, 907 A.2d 693, 740-41 (Del. Ch. 2005). There is a critical distinction between the problematic testimony proffered in *Walt Disney* and the testimony proffered here: the expert in *Walt Disney* opined not only on the "custom and practice of corporate governance in publicly traded Delaware corporations," but also on "whether the conduct of the board of directors of [the company] complied with or departed from those customs and those practices." *Id.* She also opined that good corporate governance "requires," "includes," and "envisions" certain actions. *Id.* at 741 n.369. In other words, the *Walt Disney* expert's excluded testimony "concern[ed] a

party's compliance with customs and practices that implicate legal duties," which *Cantor* warns against and which Professor Elson's report expressly declines to do.  *See Cantor*, 2006 WL 3462596, at * 5.[1]

Defendants argue that Professor Elson's testimony fails to apply his opinions to facts or record evidence, and thus that it fails to meet the "fit" component of Rule 702.  Their argument ignores the Third Circuit's instruction that the standard for the "fit" component of Rule 702 is "one of relevance"; expert testimony, particularly if it is not scientific or technical, must only "relate to an issue in the case." *Schiff*, 2008 WL 726897, at *833 (quoting *In re TMI Litigation*, 193 F.3d at 670)).  Here, there is no question that Professor Elson's testimony is relevant to assessing the conduct of the ATP Director Defendants as it compares to the custom and practice of other Delaware corporate directors; his testimony thus relates to issues central to the case-- Plaintiffs' fiduciary duty claims--as *TMI* requires.  As such, despite Defendants' argument, Professor Elson's testimony is  a "good fit for the case at hand," as required by Rule 702.  *Schiff*, 2008 WL 726897, at *9.[2]

---

[1] The *Walt Disney* opinion noted that "Professor DeMott's testimony was useful, however, in the sense that it drew in stark relief the contrast between ideal corporate governance practices and the unwholesome boardroom culture at Disney…" *Walt Disney*, 907 A.2d. at 741 n.373. This is precisely the same function that Professor Elson's testimony will perform in the present litigation, which, *Walt Disney* demonstrates, will assist the jury in this matter in accurately determining the facts. *See id.*

[2] Defendants' argument also ignores the fact that Defendants themselves foreclosed the possibility for Professor Elson to apply his opinions to the facts of this case, because Defendants failed to depose Professor Elson after he submitted his expert report.  Professor Elson was not required to limit his testimony to the strict confines of his report, *accord Kelly v. GAF Corp.*, 115 F.R.D. 257, 258 (E.D. Pa. 1987), and deposition testimony would doubtless have expanded upon the opinions Professor Elson presented in his report.  Essentially, Defendants' argument, that the "fit" component of Rule 702 compels a specific connection between the testimony offered and disputed factual issues in the case, is possible only because Defendants did not permit such a connection to be made.

Finally, there is no doubt that Professor Elson's testimony will assist the jury in accurately determining the facts in this matter--the most important inquiry under Rule 702. It is unlikely that a single member of the jury would have any experience as a director on a nonprofit corporate board, much less the wealth of experience that Dr. Elson brings. His testimony will thus provide invaluable perspective on the customs and practices of Delaware nonprofit corporations that the members of the jury would almost certainly not have. As such, Professor Elson's testimony will assist the jury in determining the facts relating to the ATP Director Defendants' conduct as they relate to Plaintiffs' fiduciary duty claims.

## Conclusion

For all of the foregoing reasons and each of them, Plaintiffs respectfully request that the Court deny Defendants' motion to exclude the testimony of Professor Charles Elson.

Dated: May 27, 2008

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ Karen E. Keller
C. Barr Flinn (No. 4092)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
bflinn@ycst.com
kkeller@ycst.com

*Of Counsel:*

*Attorneys for Plaintiffs*

Robert D. MacGill
Hamish S. Cohen
Jennifer Westerhaus Adams
Matthew B. Barr
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
(317) 236-1313

Daniel Gravelyn
300 Ottawa Avenue N.W., Suite 500
Grand Rapids, Michigan 49503
(616) 742 3930

DB02:6846160.1                                   066145.1001

## CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on May 27, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Lawrence C. Ashby, Esquire
> Philip Trainer, Jr., Esquire
> Carolyn Hake, Esquire
> Ashby & Geddes
> 500 Delaware Avenue
> P.O. Box 1150
> Wilmington, DE 19899

I further certify that on May 27, 2008, I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL**

> Bradley I. Ruskin, Esquire
> Jennifer R. Scullion, Esquire
> PROSKAUER ROSE
> 1585 Broadway
> New York, NY 10036

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*
C. Barr Flinn  (No. 4092)
Karen E. Keller (No. 4489)
James L. Higgins (No. 5021)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
jhiggins@ycst.com

*Attorneys for Deutscher Tennis Bund (the German Tennis Federation), Rothenbaum Sports GMBH and Qatar Tennis Federation*