IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEUTSCHER TENNIS BUND (GERMAN TENNIS FEDERATION), ROTHENBAUM SPORT GMBH, and QATAR TENNIS FEDERATION,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ATP TOUR, INC., ETIENNE DE VILLIERS, CHARLES PASARELL, GRAHAM PEARCE, JACCO ELTINGH, PERRY ROGERS, and IGGY JOVANOVIC,<br><br>　　　　　　　Defendants. | C.A. No. 07-178-GMS<br><br>Public Version<br><br>Filed June 9, 2008 |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE RELATING TO PLAINTIFFS' OWNERSHIP OF TOURNAMENTS ON THE WOMEN'S TENNIS ASSOCIATION ("WTA") TOUR**

Plaintiffs' Motion seeks to exclude two types of evidence: (1) evidence of Plaintiffs' participation in or acceptance of current or former WTA Tour rules or practices; and (2) evidence of Plaintiffs' present or former ownership of tournaments on the WTA Tour.

Defendants do not dispute that evidence in the former category has virtually no relevance to the issues in this litigation, and must be excluded. Indeed, Defendants' only argument for inclusion is that this evidence would show Plaintiffs' involvement in unrelated actions by the WTA that resemble, in some respects, the anticompetitive conduct Defendants are alleged to have committed. (Resp. at 2.) Governing law confirms that evidence of Plaintiffs' unrelated conduct is not relevant where, as here, Defendants are alleged to have committed distinct and unique antitrust violations. *See Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 138 (1968) (overruled on other grounds) ("A plaintiff in an antitrust suit [can]not be barred from

recovery by proof that he had engaged in an unrelated conspiracy to commit some other antitrust violation."); *see also Burlington Indust., Inc. v. Milliken & Co.*, 690 F.2d 380, 388 (4th Cir. 1982) ("If [Plaintiffs'] misconduct other than direct participation in the antitrust conspiracy [at issue] is asserted as a defense, defendants can only be understood as raising the equitable defense of unclean hands. It is well settled that unclean hands is no bar to antitrust recovery."). Thus, evidence related to Plaintiffs' participation in or acceptance of current or former WTA Tour rules or practices, or any agreements thereto, should be excluded.[1]

As to the latter category, Defendants argue that evidence of Plaintiffs' present or former ownership of WTA tournaments is relevant to the ATP Director Defendants' business judgments. (Resp. at 2-3, ¶¶ 2-3.) This is a faulty premise. Plaintiffs' ownership of tournaments on the WTA Tour has no relation whatsoever to whether interest in men's professional tennis – the subject of this litigation – is rising or falling in Germany. Moreover, even if Defendants plan to argue that the market for women's tennis is related to the market for men's tennis (a fact that neither Plaintiffs' nor Defendants' liability expert has evaluated or endorsed, and a fact which Plaintiffs dispute), evidence of the popularity of women's tennis in Germany can be entered into evidence without prejudicing Plaintiffs by revealing their ownership.

The remainder (and majority) of Defendants' response argues that evidence related to the WTA generally, but unrelated to Plaintiffs' involvement with the WTA, is relevant to this litigation. (Resp. at 3, 4, 5.) These arguments do not address the subjects of Plaintiffs' Motion,

---

[1] Plaintiffs have no intention of introducing evidence at trial related to Plaintiffs' participation in or acceptance of current or former WTA Tour rules or practices – as evidenced by this Motion. Defendants' reliance on Plaintiffs' *initial, draft* exhibit list to argue to the contrary is misplaced. (Resp. at 2, Ex. A.) Plaintiffs' draft exhibit list was submitted to Defendants with "rights to amend and supplement reserved;" both Plaintiffs and Defendants have altered their respective lists, to remove and add documents, since their initial submission. Moreover, each of the items listed in Ex. A to Defendants' Response has been removed from the list, eliminating Defendants' concerns.

and should be disregarded. Rather, they highlight the prejudice Plaintiffs will suffer if evidence regarding the WTA's rules or practices, or Plaintiffs' involvement therewith, is admitted at trial. Put simply, Defendants will argue that the ATP's anticompetitive conduct should be excused because the WTA Tour's unrelated conduct has not been subject to a legal challenge. (Resp. at 2 (arguing that evidence related to WTA will show that the ATP's actions were "reasonable, pro-competitive, and entirely appropriate").) In response, Plaintiffs will be forced to argue that the WTA, who is not a defendant in this litigation, may have acted unreasonably and may have violated antitrust laws. Not only will this be impossible, because Plaintiffs have neither sued the WTA Tour nor conducted discovery related to the legality of the WTA Tour's conduct, but it will confuse the jury into thinking that the legality of the WTA's conduct, rather than the ATP's conduct, is at issue in this case. This is precisely the type of evidence that the United States Supreme Court warned would distract a jury from properly evaluating the legality of defendants' conduct. *Perma Life Mufflers, Inc.*, 392 U.S. at 138.

For all of the foregoing reasons, and for each of them, Plaintiffs respectfully request that the Court grant their Motion In Limine.

Dated: June 2, 2008

*Of Counsel:*
Robert D. MacGill
Hamish S. Cohen
Jennifer Westerhaus Adams
Matthew B. Barr
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
(317) 236-1313

Daniel Gravelyn
300 Ottawa Avenue N.W., Suite 500
Grand Rapids, Michigan 49503
(616) 742 3930

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ Karen E. Keller
_____
C. Barr Flinn (No. 4092)
Karen E. Keller (No. 4489)
James L. Higgins (No. 5021)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com

*Attorneys for Plaintiffs*

DB02:6858407.1                                                                                                              066145.1001

## CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on June 9, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Lawrence C. Ashby, Esquire
> Philip Trainer, Jr., Esquire
> Carolyn Hake, Esquire
> Ashby & Geddes
> 500 Delaware Avenue
> P.O. Box 1150
> Wilmington, DE 19899

I further certify that on June 9, 2008, I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL**

> Bradley I. Ruskin, Esquire
> Jennifer R. Scullion, Esquire
> PROSKAUER ROSE
> 1585 Broadway
> New York, NY 10036

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen E. Keller
C. Barr Flinn (No. 4092)
Karen E. Keller (No. 4489)
James L. Higgins (No. 5021)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

*Attorneys for Deutscher Tennis Bund (the German Tennis Federation), Rothenbaum Sports GMBH and Qatar Tennis Federation*