IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEUTSCHER TENNIS BUND, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-178 |
| | ) | |
| ATP TOUR, INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

### I.    INTRODUCTION

Plaintiffs Deutscher Tennis Bund ("German Tennis Federation"), Rothenbaum Sports GMBH ("Rothenbaum Sports"), and Qatar Tennis Federation bring this action for damages and injunctive relief against ATP Tour, Inc., and several individual ATP Tour directors (collectively, "ATP Tour"). (D.I. 45, 50.) The amended complaint raises federal claims under the Sherman Act, 15 U.S.C. §§ 1-2, as well as state-law claims for breach of fiduciary duty, tortious interference, and conversion. (D.I. 45.) Trial by jury is set to begin July 21, 2008. Now before the court is ATP Tour's motion to bifurcate the trial into separate liability and damages phases. (D.I. 120.)

### II.    BACKGROUND

The defendants in this action are ATP Tour, a non-profit membership corporation organized under Delaware law whose members include professional tennis players and men's professional tennis tournaments, and certain individual members of ATP Tour's board of directors. The plaintiffs are ATP Tour members and operate a tennis tournament in Hamburg, Germany, the country's second-most populous city and among the largest ports in the world.

1

This litigation stems from ATP Tour's plan, called the Brave New World plan, to restructure ATP Tour's tournament schedule, tournament hierarchy, and scoring regime. Under the Brave New World plan, the plaintiffs' Hamburg tournament would be relegated from first-tier to second-tier status in 2009. The plaintiffs seek damages and injunctive relief from the substantial economic damages they claim to suffer under the Brave New World plan. Based on the nature of relief sought, ATP Tour moved to bifurcate trial in this matter into separate liability and damages phases. (D.I. 120.)

## III. STANDARD OF REVIEW

Rule 42(b) governs a party's request to bifurcate trial, providing that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. . . ." Fed. R. Civ. P. 42(b). The trial court, as an exercise of "informed discretion," decides whether to bifurcate on a case-by-case basis. *Barr Labs. v. Abbot Labs.*, 978 F.2d 98, 115 (3d Cir. 1992); *Synopsys, Inc. v. Magma Design Automation*, 64 2006 U.S. Dist. LEXIS 33751, at *9-*13 (D. Del. May 25, 2006). To inform its exercise of discretion, the court considers whether bifurcation would avoid prejudice, promote efficiency, conserve judicial resources, and avoid juror confusion, keeping in mind that the underlying goal is a just and expeditious final disposition of the matter. *See* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2388 (3d ed. 2008).

## IV. DISCUSSION

ATP Tour argues that the court should bifurcate this litigation into separate liability and damages phases because bifurcation would promote judicial efficiency and economy. (D.I. 121.) ATP Tour also argues that bifurcation would reduce confusion by simplifying issues to be

presented to the jury, and that the plaintiffs would not be prejudiced by a bifurcated trial. The plaintiffs contest all of these assertions and oppose bifurcation.

ATP Tour does not claim it would be prejudiced absent bifurcation. Rather, ATP Tour argues that bifurcation would promote judicial efficiency because of the nature of the plaintiffs' claims. Specifically, ATP Tour argues that the plaintiffs seek relief from damages that have yet to occur: the economic harm caused by demotion to a second-tier tournament. Since the court can avert or reduce those hypothetical damages through injunctive relief after the jury's potential finding of liability, any monetary award would be unnecessary or excessive to the extent that the hypothetical injunctive relief would avert or reduce those damages. In short, ATP Tour argues, trying the issue of damages alongside liability would be pointless because it could be moot or need revision.

The plaintiffs dispute ATP Tour's claims, arguing that they seek money damages that have in fact occurred, and injunctive relief in the alternative. Furthermore, the plaintiffs predict that they will use "three to four hours . . . to present[] evidence of their damages." (D.I. 132 at 5.) Thus, the time required to try the damages phase of this litigation is perhaps one day of a ten-day trial. Balancing this against the time and judicial resources required to hold two separate trials, the court finds that bifurcation would not significantly conserve judicial resources. Indeed, bifurcation could lead to inefficiencies resulting from duplicative pretrial and trial proceedings.

The court further finds that bifurcation is unnecessary to reduce juror confusion. Through reasoned and considered presentation, the attorneys for each side may clarify and compartmentalize issues for the jury. Considering the proportionally small amount of evidence to be presented on the issue of damages, the court finds that trying the issues together is more efficient than trying them separately. The parties may address the hypothetical interplay of a

damages award, the plaintiffs' future damages, and injunctive relief if and when the time comes. And with respect to the capabilities of the jury in this case, this court regularly tries complex cases before juries and has found jurors well able to keep separate issues separate, particularly with the aid of considered and cogent presentations by counsel. In sum, after considering the merits of this case, the court concludes that bifurcation is unnecessary to prevent prejudice or to aid judicial economy.[1]

## V. CONCLUSION

In light of the above, the court finds that bifurcation is unnecessary to avoid prejudice, would not lead to significant convenience, would not significantly promote judicial efficiency, and, to the contrary, could result in duplicative proceedings. As such, the court will deny ATP Tour's motion to bifurcate the liability and damages phases of trial.

Dated: June 23, 2008             /s/ Gregory M. Sleet
                                 CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] Since bifurcation is unnecessary and potentially inefficient, the court need not address the secondary issues of whether bifurcation would prejudice the plaintiffs in this case or violate the Seventh Amendment to the Constitution of the United States.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEUTSCHER TENNIS BUND, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-178 |
| | ) | |
| ATP TOUR, INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

The defendants' Motion to Bifurcate Trial into Separate Liability and Damages Phases, (D.I. 120), is DENIED.

Dated: June 23, 2008            /s/ Gregory M. Sleet
                                CHIEF, UNITED STATES DISTRICT JUDGE

5