IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEUTSCHER TENNIS BUND, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 07-178 |
| | ) |
| ATP TOUR, INC., et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**ORDER**

WHEREAS, in this case, the plaintiffs, Deutscher Tennis Bund ("German Tennis Federation"), Rothenbaum Sports GMBH ("Rothenbaum Sports"), and Qatar Tennis Federation (collectively, "Hamburg") bring antitrust and state-law claims for breach of fiduciary duty, tortious interference, and conversion against ATP Tour, Inc., and several individual ATP Tour directors (collectively, "ATP Tour") (D.I. 45, 50);

WHEREAS, at the July 16, 2008 Pretrial Conference, the court reserved judgment on ATP Tour's third motion in limine, namely, its motion to exclude expert opinions proffered by Gary G. Kleinrichert on the grounds of inadequate reliability and fit (D.I. 124);

WHEREAS, after further considering the parties' submissions, the arguments made at the Pretrial Conference, and relevant law, the court finds that, in this case, Kleinrichert's methodology – establishing the fair market value of the Hamburg membership and tournament based on the contemporaneous sale of a similar ATP Tour membership and tournament in Shanghai, China – is sufficiently reliable and that there are good grounds to extrapolate from the value, contemporaneously determined, of one first-tier ATP Tour tournament to another[1];

---

[1] *See* Fed. R. Evid. 702; *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 741-44 (3d Cir. 1994); *cf. Matter of Bankers Trust Co.*, 658 F.2d 103, 106 (3d Cir. 1981) (determining fair market value based on contemporaneous

WHEREAS, at the Pretrial Conference, the court also reserved judgment on ATP Tour's fourth motion in limine, by which ATP Tour sought to exclude evidence of damages not properly disclosed during discovery (D.I. 126); and

WHEREAS, after further considering the parties' submissions, the arguments made at the Pretrial Conference, and relevant law, the court finds that Hamburg's failure to disclose this evidence was not substantially justified or harmless[2];

IT IS HEREBY ORDERED that:

1. ATP Tour's Motion in Limine No. 3 To Exclude Expert Opinions Proffered by Gary G. Kleinrichert (D.I. 124) is DENIED; and

2. ATP Tour's Motion in Limine No. 4 to Exclude Evidence of Damages Not Properly Disclosed During Discovery (D.I. 126) is GRANTED.

Dated: July 18, 2008     /s/ Gregory M. Sleet
                         CHIEF, UNITED STATES DISTRICT JUDGE

---

sales of like property). Indeed, as Hamburg argues, ATP Tour has used this same methodology in determining valuations of tournaments. (D.I. 136.)

[2] *See* Fed. R. Civ. P. 37(c).