IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEUTSCHER TENNIS BUND (GERMAN TENNIS FEDERATION), ROTHENBAUM SPORT GMBH, and QATAR TENNIS FEDERATION, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-178-GMS |
| v. | ) ) | |
| ATP TOUR, INC., ETIENNE DE VILLIERS, CHARLES PASARELL, GRAHAM PEARCE, JACCO ELTINGH, PERRY ROGERS, and IGGY JOVANOVIC, | ) ) ) ) ) | |
| Defendants. | ) | |

**PRELIMINARY JURY INSTRUCTIONS**

# INTRODUCTION

Members of the jury: now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

<u>The Parties and Their Contentions</u>

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

The parties in this case are the plaintiffs, Deutscher Tennis Bund (German Tennis Federation) (or "GTF"), Rothenbaum Sport GmbH (or "RSG"), and Qatar Tennis Federation (or "QTF") (together, the "Plaintiffs"), and the defendants, ATP Tour, Inc. (or "ATP"), and six of its directors, Etienne de Villiers, Charles Pasarell, Graham Pearce, Jacco Eltingh, Perry Rogers, and Iggy Jovanovic (together, the "Defendants").

In this case, Plaintiffs allege that Defendants implementation of their Brave New World Plan was anticompetitive in violation of Section 1 and 2 of the Sherman Act ; that Defendants have individually and collectively breached their fiduciary duties of loyalty, due care and good faith; and that Defendants have intentionally interfered with Plaintiffs' contractual and business relationships. Defendants deny each of these allegations. I will explain the elements of each of these claims in detail for you after describing your role as jurors.

Duties of the Jury

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court -- you may not ask questions). Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

    1.    Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

<u>Credibility of Witness - Weighing Conflicting Testimony</u>

You are the sole judges of each witness's credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on

the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

Summary of Applicable Law

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which Plaintiffs must prove to make their case:

- Plaintiffs' first claim is that Defendants agreed to a contract, conspiracy or combination in restraint of trade. The elements of this claim are as follows: (1) the existence of a contract, combination or conspiracy between or among at least two separate persons; (2), that the contract, combination or conspiracy unreasonably restrains or will unreasonably restrain trade; and (3) that the restraint caused the Plaintiffs to suffer an injury to their business or property.
- Plaintiffs' second claim is that Defendants unlawfully monopolized certain alleged markets. The elements of this claim are as follows: (1) that the alleged market is a valid antitrust market; (2) that the ATP Tour possessed monopoly power in that market; (3) that the Defendants "willfully" acquired or maintained monopoly power in that market by

engaging in anticompetitive conduct; and (4) that the Plaintiffs were injured in their business or property because of the Defendants' anticompetitive conduct.

- Plaintiffs' third claim is that Defendants attempted to monopolize certain alleged markets. The elements of this claim are as follows: (1) that Defendants engaged in anticompetitive conduct; (2) that Defendants had a specific intent to achieve monopoly power in a relevant market and/or submarket(s) relating thereto; (3) that there was a dangerous probability that Defendants would achieve their goal of monopoly power in the relevant market and/or submarket(s) relating thereto; and (4) that Plaintiffs were injured in their business or property by Defendants' anticompetitive conduct.

- Plaintiffs' fourth claim is that Defendants conspired to monopolize certain alleged markets. The elements of this claim are as follows: (1) that an agreement or mutual understanding between two or more persons to obtain or maintain monopoly power in the market for men's professional tennis and/or submarket(s) relating thereto existed; (2) that Defendant(s) knowingly - that is, voluntarily and intentionally - became a party to that agreement or mutual understanding; (3) that Defendant(s) specifically intended that the parties to the agreement would obtain or maintain monopoly power in the market for men's professional tennis and/or submarket(s) relating thereto; (4) that Defendant(s) committed an overt act in furtherance of the conspiracy; (5) that Defendant's (or Defendants') activities occurred in or affected interstate or foreign commerce; and (6) that Plaintiffs were injured in their business or property because of the conspiracy to monopolize.

- Plaintiffs also allege that the ATP Directors breached their separate fiduciary duties of loyalty, good faith, and due care. The elements of this claim are as follows: (1) that

Defendants owed Plaintiffs fiduciary duties; (2) that Defendants breached their fiduciary duty of loyalty, good faith, or due care; and (3) that Defendants' breach(es) was the proximate cause of some injury or damage to Plaintiffs.

- Plaintiffs' eighth claim is that Defendants intentionally interfered with Plaintiffs' contracts or prospective contracts. The elements of intentional interference with existing contracts are as follows: that Defendants (1) intentionally; (2) and improperly; (3) induced or otherwise caused; (4) a third party not to perform pursuant to a contract with Plaintiffs. The elements of intentional interference with prospective contracts are as follows: that Defendants (1) intentionally; (2) and improperly; (3) induced or otherwise intentionally prevented; (4) a third party not to enter into a prospective contract with Plaintiffs..

- Plaintiffs' ninth claim is that Defendants converted Plaintiffs' ATP membership. The elements of this claim are as follows: (1) wrongful exercise of dominion; (2) over the property of Plaintiffs; and (3) in denial of, or inconsistent with, Plaintiffs' rights.

<u>Burden Of Proof - Preponderance Of The Evidence</u>

As I told you during the voir dire, this is a civil case. Here the Plaintiffs have the burden of proving their case by what is called a preponderance of the evidence. That means the Plaintiffs have to produce evidence which, considered in the light of all the facts, leads you to believe that what the Plaintiffs' claim(s) are more likely true than not. To put it differently, if you were to put the Plaintiffs' and the Defendants' evidence on opposite sides of a scale, the evidence supporting the Plaintiffs would have to make the scale tip somewhat on their side. If the Plaintiffs fail to meet this burden, the verdict must be for the Defendants. The Plaintiffs must also prove their damages by a preponderance of the evidence.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

Conduct of the Jury

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own. Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in

evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

Course of the Trial

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

    1.    These preliminary instructions to you;

    2.    Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

    3.    The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

    4.    My final instructions on the law to you;

     5.     The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

     6.     Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

<u>Trial Schedule</u>

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take 10 days to try. We will normally begin the day at 9:00 A.M. promptly. We will go until 1:00 P.M. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 P.M. There will be a fifteen minute break at 11:00 A.M. and another fifteen minute break at 3:15 P.M. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 P.M. We will post a copy of this schedule for the your convenience in the jury deliberation room.