IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEUTSCHER TENNIS BUND et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-178 GMS |
| | ) | |
| ATP TOUR, INC. et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# VOIR DIRE

.   Good morning, ladies and gentlemen, I am about to ask you a series of questions that we call *voir dire*. The purpose of the *voir dire* examination is:

(a)   to enable the court to determine whether or not any prospective juror should be excused for cause;

(b)   to enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges -- that is, challenges for which counsel need not give a reason.

- **Staff introduced**

- **Panel sworn**

If any of you would answer "yes" to any of these questions, I would ask you to stand up and, upon being recognized by me, to state your number. At the end of the questions, I will ask those who have responded "yes" to any of the questions to come to sidebar (that is, up to the bench next to me) with counsel for the parties to discuss your answers.

This case is expected to take 10 days to try. The schedule that I expect to maintain over those 10 days will be as follows:

We will normally begin the day at 9:00 a.m promptly. We will go until 1:00 p.m. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 p.m. There will be a fifteen

     minute break at 11:00 a.m. and another fifteen minute break at 3:15 p.m.  One exception to this schedule may occur when the case is submitted to those of you who are selected to serve as jurors for your deliberation.  On that day, the proceedings might last beyond 4:30 p.m.  We will post a copy of this schedule for the jury's convenience in the jury deliberation room.

1. Does the length of this trial or the schedule contemplated by the court present a special problem to any member of the panel?

   <u>DESCRIPTION OF THE CASE</u>

   This case is an action brought by the plaintiffs pursuant to certain anti-trust laws of the United States, specifically Sections 1 & 2 of the Sherman Act.  The plaintiffs in this case are Deutscher Tennis Bund (the German Tennis Federation or "GTF") and the Qatar Tennis Federation ("QTF").  The defendants in this case are the ATP Tour, Inc. ("ATP") and six of its directors, Etenne de Villiers, Charles Pasarell, Graham Pearce, Jacco Eltingh, Perry Rogers and Iggy Jovanovic (the "Defendants" or "Directors").  In this case, the plaintiffs allege that the implementation of a plan by the ATP and the Directors known as the Brave New World Plan violates the Sherman Act.  The plaintiffs also contend that the ATP and the Directors have breached certain fiduciary duties owed the plaintiffs and that the ATP and the Directors have intentionally interfered with certain of the plaintiffs' contractual and business relationships. For those of you selected to serve as jurors, I will give you more detailed instructions regarding the meaning of these claims once you are sworn-in as jurors and again at the conclusion of the trial.  For now, I will simply tell you that the ATP and the Directors deny each of these allegations.

2. Has any member of the panel heard or read anything about this case?

3. Have you or any member of your immediate family (spouse, child, parent or sibling) ever been employed by the parties – the, plaintiffs, GTF, QTF, or the defendant, ATP?

4. Have you or any member of your immediate family ever had a business relationship of any kind with any of these entities?

5. Do you know, have you heard of, or have you had a relationship of any kind with any of the Directors?

6. Have you or any member of your immediate family had any negative or positive experience with any of the parties to this case?

- **Counsel will be asked to introduce themselves, their firms, etc.**

7. Does any member of the panel know any of the attorneys involved in the case or have you or any member of your immediate family had any business dealings with or been employed by any of these attorneys or their respective law firms?

● **Counsel will be asked to read names of potential witnesses.**

8. Does any member of the panel know or is any member of the panel familiar with any of the prospective witnesses?

9. As you look around the room today, does any member of the panel recognize another member of the panel?

10. This case involves a lawsuit brought by a German organization and a Qatari organization against and American organization. Does any member of the panel have any opinions or beliefs about foreign organizations suing an American organization in a U.S. court that might keep you from being a fair and impartial juror?

11. Does any member of the panel believe that U.S. companies and organizations are usually more trustworthy than foreign companies or organizations?

12. Qatar is an Arab emirate located in the Middle East. It is bordered by Saudi Arabia and is a peninsula in the Arabian Gulf. Oil and gas reserves are the mainstays of Qatar's economy. Does any member of the panel have any opinions or beliefs about Middle Eastern countries in general or Qatar specifically that might keep you from being a fair and impartial juror?

13. Does any member of the panel believe you might be more inclined to believe the testimony of an American born witness than the testimony of a witness from a foreign country?

14. Have you or any member of your immediate family ever been employed by or had a business relationship or extensive contact with any of the following companies or persons: Evington Finance Corp., New Sports Entertainment, Ltd., Ion Tiriac, Ray Moore, IMG, Mercedes Benz or Daimler-Chrysler, South African Airways, Tennis Properties, Ltd., ATP Properties, the United States Tennis Association, AEG, or ATP Media?

15. Do you hold any opinions about the U.S. Government's regulation of and efforts to prevent monopolies that might keep you from being a fair and impartial juror?

16. Have you or a member of your immediate family ever worked as a professional or semi-professional athlete or been involved in the ownership or management of a professional or semi-professional sports franchise?

17. Have you or a member of your immediate family ever belonged to a labor union?

18. Have you or a member of your immediate family ever worked for a non-profit corporation?

19. Would the fact that the summer Olympics will soon be held in China in any way interfere with your ability to be a fair and impartial juror?

20. Do you have any opinions or beliefs about professional sports that might keep you from being a fair and impartial juror?

21. Have you ever served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?

22. Have you or has anyone in your immediate family ever participated in a lawsuit as a party or in any other capacity (such as a plaintiff, defendant, or witness)?

23. If you are selected to sit on this case, is there anything that would prevent you from rendering a verdict based solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law you may have or that you may have encountered in reaching your verdict?

24. Is there any member of the panel who has any special disability or problem that would make serving as a member of the jury difficult or impossible?

25. Having heard the questions put to you by the court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the court's instructions to you on the law?