IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEUTSCHER TENNIS BUND (GERMAN TENNIS FEDERATION), ROTHENBAUM SPORT GMBH, and QATAR TENNIS FEDERATION,<br>        Plaintiffs,<br><br>vs.<br><br>ATP TOUR, INC., ETIENNE DE VILLIERS, CHARLES PASARELL, GRAHAM PEARCE, JACCO ELTINGH, PERRY ROGERS, and IGGY JOVANOVIC,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 07-178-GMS<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW ON
PLAINTIFFS' CONVERSION CLAIM**

Defendants submit this memorandum of law in support of their motion, pursuant to Rule 50 of the Federal Rules of Civil Procedure, for judgment as a matter of law as to Plaintiffs' conversion claim (Count IX), based on the failure to prove that Defendants deprived Plaintiffs of anything capable of being converted as a matter of law.

**I.    Plaintiffs Have Not Established That They Were Deprived Of Anything Capable of Conversion.**

Plaintiffs' conversion claim has no connection whatsoever to any tangible thing. Plaintiffs have claimed that their membership interest in ATP was converted by Defendants. Under Delaware law, conversion is the "wrongful exercise of dominion over the property of another, in denial of his right, or inconsistent with it." *Resource Ventures, Inc. v. Resources Management Intern., Inc.*, 42 F. Supp. 2d 423, 439 (D. Del. 1999) (citing *Carlton Investments v. TLC Beatrice International Holdings, Inc. et al.*, 1995 WL 694397, at *16 (Del.Ch. Nov. 21, 1995)); *Arnold v. Soc'y for Savings Bancorp, Inc.*, 678 A.2d 533, 536 (Del. 1996).

"Traditionally, an action for conversion has been applied to the wrongful exercise of dominion over <u>tangible goods</u>." *Resource Ventures, Inc. v. Resources Management Intern., Inc.*, 42 F. Supp. 2d 423, 439 (D. Del. 1999) (emphasis added).

Plaintiffs have offered no evidence that Defendants deprived Plaintiffs of anything legally capable of being converted and thus their conversion claim must fail. While the tort of conversion has sometimes been held to "encompass some intangible goods where the intangible property relations are merged into a document," *id.*, this doctrine only applies where the thing taken is the physical embodiment of the intangible right, such as a stock certificate. *Haskell v. Middle States Petroleum Corporation*, 35 Del. 380, 381-82 (1933) (stock certificates capable of conversion). The mere claim that contractual or other legal rights have been violated does not give rise to a conversion claim.

## II. Plaintiffs Have Not Established That The Value Of Their Membership Interest Was Destroyed.

Plaintiffs' conversion claim must also be dismissed because Plaintiffs have offered no evidence that their membership interest has been rendered without value. Conversion can only apply where the act of dominion or control <u>so seriously interferes with the owner's right to possession or control that the actor has fully extinguished</u> the value of the property. Restatement (Second) of Torts § 222A (1965) (emphasis added). Plaintiffs have presented no evidence that their ATP membership is without value; to the contrary, Plaintiffs admit that they maintain their membership on the ATP Tour, and that they have been awarded a 500 level event in the 30th week of the 2009 ATP calendar.

The evidence is clear that 500 level events have value. For example, the uncontroverted evidence is that there were twenty-two applicants for eleven 500 level tournaments (Jovanovic 1011) and that the Qatar Tennis Federation was willing to pay a $10M bid premium in order to

secure a 500 level event (Azmy 868). Evidence has also been introduced that there is a market for tennis events that are not in the top tier. For example, Iggy Jovanovic testified that he put together a list of potential acquisition opportunities for the Abu Dhabi Tourism Authority which included 500 and 250 level events. (Jovanovic 1084-1085, PTX 664). The German Tennis Federation sold a Tier II women's event, the Betty Barclay WTA event (Waldenfels 449-50) and did not believe that Qatar Tennis Federation's operation of a Tier II WTA membership in Berlin rather than a Tier I amounted to "taking away their membership" (Waldenfels 455). Plaintiffs have not presented any evidence that the value of the Hamburg membership was extinguished, and in fact, the evidence is to the contrary. At most, Plaintiffs have offered conclusory evidence in support of their argument that they will be unable to succeed or survive if they try to operate a 500 level tournament in Hamburg in the summer. Because Plaintiffs would nevertheless possess a right that would have value to a third party, Plaintiffs' evidence does not suffice to support a claim for conversion.

## CONCLUSION

Based on the foregoing, this Court should rule as a matter of law that Plaintiffs' membership rights have not been converted.

Dated: July 30, 2008

*Of Counsel*:

PROSKAUER ROSE LLP
Bradley I. Ruskin
Colin A. Underwood
Jennifer R. Scullion
Evan S. Greene
1585 Broadway
New York, NY 10036-8299
212-969-3000

ASHBY & GEDDES

*/s/ Philip Trainer, Jr.*
_____
Philip Trainer, Jr. (I.D. #2788)
Tiffany Geyer Lydon (I.D. #3950)
Toni-Ann Platia (I.D. #5051)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
ptrainer@ashby-geddes.com
tlydon@ashby-geddes.com
tplatia@ashby-geddes.com