IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEUTSCHER TENNIS BUND (GERMAN TENNIS FEDERATION), ROTHENBAUM SPORT GMBH, and QATAR TENNIS FEDERATION, <br><br> Plaintiffs, <br><br> vs. <br><br> ATP TOUR, INC., ETIENNE DE VILLIERS, CHARLES PASARELL, GRAHAM PEARCE, JACCO ELTINGH, PERRY ROGERS, and IGGY JOVANOVIC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) C.A. No. 07-178-GMS ) ) ) ) ) ) ) |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFFS' TORTIOUS INTERFERENCE CLAIMS**

Defendants submit this memorandum of law in support of their motion pursuant to Rule 50 of the Federal Rules of Civil Procedure, for judgment as a matter of law as to Plaintiffs' claims for tortious interference with contract and tortious interference with prospective business relations (Count VII).

**I.     Plaintiffs Have Not Proved The Elements Required For A Claim Of Tortious Interference With Contract**

Plaintiffs' claim for tortious interference with contract must fail because they have presented no evidence of a third party contract breached as a result of Defendants' acts, let alone any of the other elements required for this claim. The elements of tortious interference under Delaware law are well established. "There must be (1) a contract, (2) about which defendant knew and (3) an intentional act that is a significant factor in causing the breach of such contract (4) without justification (5) which causes injury." *Aspen Advisors LLC v. UA Theater Co.*, 861 A.2d 1251, 1265-66 (Del. 2004).

{00233025;v1}

Plaintiffs have not offered proof of any of the required elements for a contract interference claim. Most significantly, Plaintiffs have not put forth any evidence of a contract between Plaintiffs and any third party that Defendants interfered with or any intentional acts by Defendants that were a "significant factor" in causing the breach of that contract.[1]

## II. Plaintiffs Have Not Proved The Elements Required For A Claim Of Tortious Interference With Prospective Business Relations

Plaintiffs' claim for tortious interference with prospective business relationships also must fail because they have presented no evidence of a prospective business relationship or expectancy that Defendants interfered with. A claim for tortious interference with prospective business relations requires a plaintiff to show: (1) the existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) intentional, *wrongful* interference which induces or causes a breach or termination of the relationship or expectancy; and (4) resulting damages. *Gill v. Del. Park, LLC*, 294 F. Supp. 2d 638, 645 (D. Del. 2003) (citing *Lucent Info. Mgmt., Inc. v. Lucent Tech., Inc.*, 5 F. Supp. 2d 238, 243 (D. Del. 1998)) (emphasis added).

Plaintiffs have not put forth any evidence of any valid business relationships or expectancies. Plaintiffs also have not offered proof of any of the other required elements of this claim. Testimony that Plaintiffs had a "very big main sponsor" in 2007 and that in 2008 "[w]e are still asking everyone to be on top" (Waldenfels 327) does not amount to evidence that Plaintiffs had a valid business relationship or expectancy. Speculation that sponsors and broadcasters will have "zero" interest in Hamburg as a 500 (Knapper 654-55) also does not amount to sufficient evidence of a valid business relationship or expectancy. The same is true of

---

[1] Insofar as Plaintiffs have presented evidence that they lost sponsorships as a result of the ISL deal, claims arising from that conduct are barred by the statute of limitations.

Plaintiff Qatar Tennis Federation's testimony that if they are not a 500 under the Brave New World plan, they are "born to be dead." (Azmy 906-07). Besides their failure to put forth any evidence of a business relationship or expectancy, Plaintiffs also have not put forth any evidence of "intentional or wrongful interference" by Defendants that induced or caused the breach or termination of that relationship or expectancy.

## CONCLUSION

Based on the foregoing, this Court should rule as a matter of law that Defendants have not tortiously interfered with Plaintiffs' contracts or prospective business relations.

Dated: July 30, 2008

*Of Counsel*:

PROSKAUER ROSE LLP
Bradley I. Ruskin
Colin A. Underwood
Jennifer R. Scullion
Evan S. Greene
1585 Broadway
New York, NY 10036-8299
212-969-3000

ASHBY & GEDDES

*/s/ Philip Trainer, Jr.*
_____
Philip Trainer, Jr. (I.D. #2788)
Tiffany Geyer Lydon (I.D. #3950)
Toni-Ann Platia (I.D. #5051)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
ptrainer@ashby-geddes.com
tlydon@ashby-geddes.com
tplatia@ashby-geddes.com