

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

James Higgins
P 302.571.5034
F 302.576.3543
jhiggins@ycst.com

July 6, 2012

**VIA E-FILING**

The Honorable Gregory M. Sleet
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:   *Deutscher Tennis Bund, et al. v. ATP Tour, Inc., et al.*,
             C.A. No. 07-178-GMS

Dear Chief Judge Sleet:

      We write on behalf of the Plaintiffs, Deutscher Tennis Bund and the Qatar Tennis Federation, to respond to the proposal from the ATP Tour, Inc. (the "ATP") to certify four separate questions of law to the Delaware Supreme Court. (D.I. 252)

      Deutscher Tennis Bund and the Qatar Tennis Federation object to the ATP's proposed procedure. It would impose unnecessary burden and expense on the parties, this Court and the Delaware Supreme Court. Moreover, there is no reason to believe that the Delaware Supreme Court would accept a certification of the ATP's four proposed questions. Delaware Supreme Court Rule 41 makes clear that certification "will be accepted in the exercise of the discretion of the Court only where there exist important and urgent reasons for an immediate determination by this Court of the questions certified. A certification will not be accepted if facts material to the issue certified are in dispute."

      In its letter, the ATP did not even suggest that there is any urgency to the determination of whether Article 23.3 is valid and enforceable under Delaware law. Nor did the ATP argue that the validity of Article 23.3 is an important issue of Delaware law, as distinguished from an important issue between these parties. Finally, although both this Court and the Third Circuit noted that the determination of the validity and enforceability of Article 23.3 first requires that "a number of other material factual issues … be resolved…", (*see, e.g.,* D.I. 238 at 7 n.4), the ATP's proposed procedure ignores that those material factual issues in fact stand in the way of the Delaware Supreme Court accepting the certified questions. *See* Del. Supr. Ct. R. 41. Finally, the additional litigation proposed by the ATP ignores that Delaware

Young Conaway Stargatt & Taylor, LLP
The Honorable Gregory M. Sleet
July 6, 2012
Page 2

courts have addressed the issues presented and that the parties previously briefed those state-law issues to this Court.  (D.I. 203, 212, 220, 222)

       For the foregoing reasons, the ATP's proposed procedure should be rejected.  If the Court is not prepared to rule on the enforceability of Article 23.3 and related issues[1] based on the parties' previous briefing, counsel for Deutscher Tennis Bund and the Qatar Tennis Federation are available at the Court's convenience to discuss an appropriate procedure for resolving the issues.

       Respectfully,

       */s/ James L. Higgins*

       James L. Higgins (No. 5021)

JH/rh
cc:  Clerk of Court (via e-filing)
      Counsel of Record (via e-filing and e-mail)

---

[1] For example, other dispositive procedural issues were not previously resolved, such as whether special damages must be pled in order to be preserved.  (*See* D.I. 220)