IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEUTSCHER TENNIS BUND (GERMAN TENNIS FEDERATION) et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-178-GMS |
| ATP TOUR, INC. et al., | ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
PROPOSED "CERTIFICATION OF QUESTIONS OF LAW"**

Plaintiffs Deutscher Tennis Bund and the Qatar Tennis Federation ("Federations")

respectfully submit their objections to ATP Tour, Inc.'s proffered "Certification of Questions of

Law", document index ("D.I.") 266 ("Certification").

Briefly stated:

*First*, unresolved federal procedural issues remain regarding Defendants' waiver of their

right to seek attorneys' fees because of their failure to plead such fees as special damages as

required by Fed.R.Civ.P. 9(g) and controlling Third Circuit precedent.  *See* Plaintiffs' Response

to Defendants' Motion to Certify Question to Delaware Supreme Court, D.I. 262, 9 – 14 (the

"Response"); *Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc.*, 478 F.2d 840, 843 (3d

Cir. 1973).  Accordingly, Defendants did not "timely" move under Fed.R.Civ.P. 54 to recover its

legal fees, costs and expenses as stated on the Certification of Questions of Law, pg. 2.  The

proferred language is, therefore, incorrect and should be removed from the final Certification.

*Second*, two additional dispositive state law issues exist and were raised relating to "whether the fee-shifting provision in the ATP Bylaws is valid and enforceable under Delaware law." Certification at 2 (citing *Deutscher Tennis Bund v. ATP Tour, Inc.*, 2012 U.S. LEXIS 9591, *6-7 (3d Cir. 2012). These issues are as follows:

1. Does ATP's provision of Bylaws to its members subsequent to the filing of this lawsuit that did not include any fee-shifting or attorneys' fee provisions permit the ATP's members, including the Federations, to treat those Bylaws as being the actual Bylaws of the ATP. Delaware courts so held in 1889, but this issue has not been directly addressed since that time. Response at 6-7; *McKenney v. Diamond State Loan Ass'n.*, 18 A. 905 (Del. Sup. 1889); and

2. Is the ATP estopped from enforcing Bylaw 23.3's attorneys' fee provision even if they might be enforceable in the abstract on account of the method through which the Bylaws were passed; its circulation of inconsistent Bylaws; and its actions in relation thereto. Response at 7 – 9; *Dousman v. Kobus*, 2002 WL 1335621, * 5-6 (Del.Ch. June 6, 2002).

These state law issues are as equally relevant to whether the fee-shifting provision in the ATP Bylaws is valid and enforceable under Delaware law – as asked by the Third Circuit Court of Appeals – as any of the purported issues currently set forth in the Certification's Questions one through four. As such, each issue should be included in the Certification's questions submitted to the Delaware Supreme Court.

Respectfully submitted,

BARNES & THORNBURG, LLP

2

*/s/ Kevin G. Collins*
David M. Powlen (No. 4978)
Kevin G. Collins (No. 5149)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(302) 888-4536
david.powlen@btlaw.com
kevin.collins@btlaw.com

Robert D. MacGill
Hamish S. Cohen
Matthew B. Barr
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana  46204
(317) 236-1313

*Attorneys for Deutscher Tennis Bund (the German Tennis Federation), the Rothenbaum Sport GmbH, and the Qatar Tennis Federation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served this 23rd day of September, 2013, via the Court's electronic filing system on the following counsel:


Lawrence C. Ashby
Philip Trainer, Jr.
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE  19899
(302) 654-1888
lashby@ashby-geddes.com
ptrainer@ashby-geddes.com

Bradley I. Ruskin
Jennifer R. Scullion
Proskauer Rose
1585 Broadway
New York, NY  10036

*Attorneys for Defendant ATP Tour, Inc.*


*/s/ Kevin G. Collins*